In the Matter of MAX PRESENT, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent. —

The appellant owns a house which has a store on the ground floor and an apartment on the second and third floors. The appellant applied for a certificate of eviction from the local rent administrator so that he might gain possession of an apartment. That official denied the application on the ground that the appellant failed to show immediate and compelling necessity for the apartment. A protest was filed by the appellant with the State Rent Administrator. The latter likewise found that the appellant failed to establish immediate and compelling necessity. By an amendment to paragraph (a) of subdivision 2 of section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) it is provided that a landlord need not establish immediate and compelling necessity where the housing accommodation sought is in a "one- or two-family house". The amendment followed a recommendation of the State Rent Administrator that owners of one or two-family houses should not be obliged to establish immediate and compelling necessity to obtain an eviction certificate to get possession of part of a house owned by them. Neither in the recommendation nor in the statute is there definition of a one or two-family house. In this proceeding and in *Matter of Wisotsky* v. *McGoldrick* (*post,* p. 1011), decided herewith, the State Rent Administrator urges that it was his intention and that of the Legislature to confine the freedom from the obligation to establish immediate and compelling necessity to those landlords who owned a one or two-family house in which there was no business or commerical use. In two former proceedings the Administrator did not make the same contention (*Matter of Jackson* v. *McGoldrick,* N. Y. L. J., Sept. 28, 1951, p. 673, col. 6; *Matter of Antebi* v. *McGoldrick,* N. Y. L. J., June 1, 1951, p. 2037, col. 7). In *Matter of Jackson* v. *McGoldrick* he directed the issuance of an order of eviction where a house had a commercial use. However, the recommendation was in accordance with the obligation of the Administrator to furnish the Legislature with a plan for the orderly transition from emergency rent control. The recommendation alone appears to have been the basis for the legislation. In view of the contents of the recommendation, it would appear that the Legislature by the term "one- or two-family house" intended to designate a house exclusively used for residential purposes. (Cf. Multiple Dwelling Law, § 4, subds. 4, 6.) Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.