Arthur Wachtel, J.
This is a holdover proceeding. The petition alleges as the basis for the proceeding, “ Landlord in good faith seeks to recover possession of above premises. Said premises being decontrolled and not subject to provisions of the Temporary State Housing Bent Laws. Said premises being decontrolled by fact that said premises were vacant at the time of purchase of building. Purchase Date being February 14, 1956.”
The testimony of the landlord’s husband in support of the petition was that, “ the building has two floors; part of it has been converted into a restaurant.” The bill of particulars in support of the landlord states, ‘ ‘ The basis upon which the landlord claims that the premises at 402 Concord Avenue, Borough of Bronx, City and State of New York, is decontrolled and not subject to the provisions of the Temporary State Housing Bent Laws is the fact that the premises consist of a two-family dwelling and one store and that the entire building was vacant when the landlord purchased same.”
The courts have had occasion to interpret the meaning of “ one- or two-family house ” as set forth in paragraph (a) of subdivision 2 of section 5 of the State Besidential Bent Law (L. 1946, eh. 274, as amd. by L. 1951, ch. 443), which provides that the landlord may bring eviction proceedings where, *199 “ (a) the landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family; provided, however, that where the housing accommodations are located in a one- or two-family house and the landlord seeks in good faith to recover possession for his own personal use and occupancy, an immediate and compelling necessity need not be established”. Similar provisions are set forth in subdivision 1 of section 55 of the State Bent and Eviction Begulations. The Court of Appeals (304 N. Y. 619) has affirmed the decision of the Appellate Division, Second Department (279 App. Div. 1011) in Wisotsky v. McGoldrick, to the effect that housing accommodations on the second floor of a building wherein the first floor was used as catering rooms, offices, a kitchen and hall for religious services and commercial activities did not constitute a “ one- or two-family house ” within the meaning of said provisions of the State Besidential Bent Law, and that accordingly the owner was obliged to establish immediate and compelling necessity before a certificate could be issued.
The Appellate Division, Second Department, has also decided similarly where the building in question was occupied as a store on the ground floor and an apartment on the second and third floors (Present v. McGoldrick, 279 App. Div. 1010). These decisions have been followed in the Supreme Court, New York County, Special Term, by Mr. Justice Epstebst in Reiss v. Weaver (N. Y. L. J., Aug. 6, 1956, p. 3, col. 6), and were also followed by the Supreme Court, Westchester County in a proceeding brought pursuant to article 78 of the Civil Practice Act to review the order of the State Bent Administrator in respect of the second floor apartment of premises wherein the first floor apartment was used as a dentist’s office. (Gramatan Gorp. v. Weaver, N. Y. L. J., Aug. 24, 1956, p. 6, col. 8, Fanelli, J.)
In the latter case the question was whether the said premises were subject to decontrol, and the court specifically stated that “ since the structure contains a professional unit in addition to an apartment, it is not a ‘ two-family house ’ within the purview of the Emergency Bent Control Act and the Bent and Eviction Begulations and consequently not eligible for decontrol
The court is of the opinion that the same interpretation as to what constitutes a two-family house within the meaning of subdivision 2 of section 5 of the State Besidential Bent Law, and the similar provision in subdivision 1 of section 55 of the State Bent and Eviction Begulations should apply also to the definí *200 tion of ‘ ‘ housing acconomodations ’ ’ as set forth in paragraph (i) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1953, ch. 321, § 3) and similar provisions in subdivision 12 of section 9 of the State Rent and Eviction Regulations.
In any event, paragraph (i) of subdivision 2 of section 2 of the State Residential Rent Law originally exempted from the definition of housing accommodations subject to the rent control law the following: £ ‘ housing accommodations in one- or two-family houses which are or become vacant on or after April first, nineteen hundred fifty-three ” but this provision was amended by chapter 685 of the Laws of 1955, effective June 30, 1955 so as to add the following: “ provided, however, that this exemption shall remain effective only so long as the housing accommodations are not rented for other than single family occupancy ”. (Italics supplied.) Subdivision 12 of section 9 of the State Rent and Eviction Regulations has been similarly amended. (Cf. Multiple Dwelling Law, § 4, subds. 4, 6.)
Accordingly, the petition is dismissed.