OPINION OF THE COURT
Fred A. Dickinson, J.
This is an article 78 proceeding. The petitioners challenge the decision of the respondent, State Rent Administrator, wherein he issued to a landlord a certificate of eviction, pursuant to subdivision 1 of section 55 of the State Rent and Eviction Regulations adopted pursuant to section 5 (subd 2, par [a]) of the Emergency Housing Rent Control Law (L 1946, ch 274, as added by L 1951, ch 443, and amd by L 1961, ch 337).
Petitioners are tenants in a rent-controlled apartment. The structure contains commercial uses on ground level and two apartments above.
It is the petitioners’ basic contention that the landlord was *1051 held to too low a standard in justifying the eviction of the tenants, petitioners. Petitioners contend that the landlord should have been required to prove immediate and compelling necessity, but the respondent held them only to the standard of a "good faith application”.
The argument evolves around section 5 (subd 2, par [a]) of the act, which permits landlords to apply to the commission for a certificate of eviction and permits the commission to issue such a certificate when the commission finds that: "(a) [T]he landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family; provided, however, that where the housing accommodations are located in a building containing twelve or less housing accommodations and the landlord does not reside in the building and the landlord seeks in good faith to recover possession for his own personal use and occupancy, an immediate and compelling necessity need not be established”.
Petitioners cite as authority Matter of Wisotsky v McGoldrick (279 App Div 1011, affd 304 NY 619). That case was interpreting the law as it stood in 1952. The act at that time provided exemption from the necessity of proving immediate and compelling necessity when "the housing accommodations are located in a one-or two-family house”. In deciding the issue in Wisotsky (supra) and in the companion case of Matter of Present v McGoldrick (279 App Div 1010) the court held that the Legislature by the term "one-or two-family house” intended to designate a house exclusively used for residential purposes. The court in Present was affirming the order of Special Term (110 NYS2d 143) which in attempting to fill in the gap left by the Legislature in its failure to define in the term "one-or two-family house” looked to documents submitted to the Legislature which resulted in the enactment of what was then considered a liberalizing amendment to the rent control plan. One such document was the Rent Control Plan of 1951 submitted by the State Rent Administrator to the Legislature. The court quoted from that plan as follows (110 NYS2d, at p 145): "The commission has given a great deal of effort to the study of the problems of the owners of small properties and has made a sincere effort to provide solutions. One-and two-family houses are rarely bought as primarily income-yielding investments. There is a sound and *1052 desirable tradition of home ownership in this State * * * The purchase of one-and two-family houses is primarily for home ownership, and it is, therefore, reasonable to require only that the landlord prove that he, in good faith, desires immediate possession for self-occupancy. He should not be required to establish an immediate compelling necessity”.
In 1961 the law was amended to its present form. Petitioners contend that the holding in Wisotsky and Present compels this court to hold that the landlord must meet the higher standard of compelling necessity, since the premises in question contain commercial use.
The court cannot agree. The social considerations present when the rent control law was liberalized to provide special considerations for the owners of one-and two-family houses are not present when the number of residential units reaches as high as 12. In 1961 the issue was faced squarely by the court in Matter of Hacker (NYLJ, Dec. 22, 1961, p 6, col 6). In that case the court stated "it seems that the recent substitution of the words 'in a building containing twelve or less housing accommodations’ without further description or qualification, would not exclude such a building if commercial units were also contained in the structure involved”.
The court must agree with respondent’s contention. The wording of the act is clear. Commercial use of the premises does not remove it from the purview of the statutory language, a building containing 12 or less housing accommodations. There are other descriptive words that the Legislature could have employed if it wished to produce the construction sought by petitioners. See, for example, chapter 685 of the Laws of 1955 amending the State Emergency Housing Rent Control Law and subdivision 12 of section 9 of the State Rent and Eviction Regulations. (Also Mundo v Sepulveda, 5 Misc 2d 198.)
Respondent’s motion to dismiss is granted on the law.