OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiffs seek partial summary judgment pursuant to CPLR 3212 on the issue of liability in the above-captioned action, which seeks money damages for personal injuries alleged to have been sustained by the plaintiff, Waldemar Zahn, and for derivative losses on behalf of plaintiff, Erna Zahn.
The facts essential to a resolution of this motion are not in dispute. On or about November 7, 1980, plaintiff was employed to paint the premises owned by defendant, located at 303 Clinton Avenue in the City of Kingston, New York. During the course of painting the structure, a scaffolding, upon which plaintiff was standing, collapsed. In the ensuing fall, he sustained various injuries for which he now seeks recovery.
Movants assert that they are entitled to summary judgment on the question of liability as a matter of law, in that subdivision 1 of section 240 of the Labor Law imposes absolute liability upon this defendant for plaintiff’s injuries. In this regard, it must be initially noted that while the complaint does not refer to the above section by name, the pleading gives the court and the defendant notice of the *936 transactions and occurrences, and the material elements of a cause of action for a breach of section 240 of the Labor Law. As such, the pleading is sufficient (3 Weinstein-KornMiller, NY Civ Prac, par 3013.03, p 30-216; Niagara Falls Power Co. v White, 292 NY 472).
Defendant does not contest plaintiff’s allegations with respect to his employment, the nature of his activities on the day in question, the collapse of the scaffolding or the resultant personal injuries. However, defendant asserts that she is exempt from absolute statutory liability by reason of the statutory amendment which exempts owners of one- and two-family dwellings from its provisions. For the reasons hereinafter set forth, this argument is without merit.
The premises located at 303 Clinton Avenue in the City of Kingston have a dual purpose. It is clear that the defendant and her husband reside therein. It is equally clear that the premises are also utilized as medical offices for defendant’s husband’s practice. The examinations before trial establish that the premises contain medical facilities which include a waiting room, a nurse’s area, two examination rooms and an office, and has a separate entrance. Thus, it is beyond cavil that revenue generating activities are conducted in a substantial portion of the premises and devoted exclusively to same. The amendment to section 240 of the Labor Law clearly exempts one- and two-family dwellings. It makes no reference to other allowable uses of a commercial nature. In interpreting the new amendment, it is settled that, where as here, the language is clear, it should be applied as written without resort to rules of construction or other extraneous material (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 76, 92, subd b; § 94). It is equally clear that “[a] statutory exception must be strictly construed so that the major policy underlying the legislation is not defeated. Exceptions extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception”. (Matter of Radich v Council of City of Lackawanna, 93 AD2d 559, 562.)
In the case at bar, it is patently evident that the structure where plaintiff’s injuries were sustained is more than *937 a one-family dwelling. Its dual function as a home and a commercial establishment place it beyond the scope of the statute. To hold otherwise would be to contravene the express intent of the Legislature when it amended the statute to carve out the narrow exception for private residences.
The motion for an order granting plaintiffs summary judgment on the issue of liability shall be granted.