WALDEMAR ZAHN et al., Respondents, v ROSSE PAUKER, Appellant.

Third Department, March 7, 1985

### APPEARANCES OF COUNSEL

*Cook, Tucker, Netter & Cloonan, P. C. (William N. Cloonan* of counsel), for appellant.

*Ricken, Goldman, Sussman & Blythe (Victoria A. Blythe* and *Richard J. Goldman* of counsel), for respondents.

### OPINION OF THE COURT

KANE, J.

In the spring of 1980, defendant and her husband, Dr. Sidney Pauker, hired a contractor, Max Miller, to perform certain painting work to the outside of their house located at 303 Clinton Avenue in the City of Kingston, Ulster County. Since 1976, defendant has been the sole owner of the premises located at 303 Clinton Avenue, which consists of the Paukers' residence and, in the basement, an office suite consisting of five rooms used for her husband's medical practice. The medical office has its own separate entrance. On November 7, 1980, while working on the outside of defendant's house, plaintiff Waldemar Zahn (plaintiff), an employee of Miller, injured himself when the scaffold upon which he was standing collapsed, causing him to fall to the ground. After Dr. Pauker administered first aid, plaintiff was transported to the hospital, where it was determined that he had broken his nose, both of his wrists and had suffered some injuries to his head.

By service of a summons and complaint dated December 17, 1981, plaintiff and his wife commenced this action seeking money damages for the injuries sustained, including derivative loss on behalf of the wife. An answer and demand for a bill of particulars was served by defendant. Thereafter, on October 25, 1983, plaintiffs moved for partial summary judgment on the issue of liability. In their motion papers, plaintiffs asserted that they were entitled to the relief requested on the ground that Labor Law § 240 (1) imposes absolute liability on defendant as the owner of the premises where the injury occurred. Defendant opposed this motion on the ground that section 240 (1) exempts owners of "one and two-family dwellings" from liability and, therefore, as an owner of a one-family dwelling, section 240 is not applicable.

Special Term granted plaintiffs' motion for partial summary judgment finding Labor Law § 240 (1) applicable (122 Misc 2d 935). This appeal by defendant ensued.

Labor Law § 240 (1) provides, *inter alia,* that: "All contractors and owners and their agents, *except owners of one and two-family dwellings who contract for but do not direct or control the work,* in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect * * * for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis supplied).

A violation of this nondelegable duty imposes absolute liability upon an owner and general contractor when injuries occur to a worker as a result of a breach (*Long v Forest-Fehlhaber,* 55 NY2d 154, 159-160; *Zimmer v Chemung County Performing Arts,* 102 AD2d 993). To impose such liability, there must be a finding of applicability and violation of the statutory mandate, and, if found, it must also be found that such violation was the proximate cause of a plaintiff's damages (*Zimmer v Chemung County Performing Arts, supra; Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 363, *appeal dismissed* 58 NY2d 824).

Here, defendant contests only the applicability of Labor Law § 240 (1), asserting that she is exempt from the provisions of section 240 since the statute specifically excludes "owners of one and two-family dwellings" (Labor Law § 240 [1]). Plaintiffs, on the other hand, assert that since a portion of defendant's "residence" contains a doctor's office, the property does not come within the Legislature's exemption for "one and two-family

dwellings". Consequently, the question to be determined by this court is whether the premises in question comes within the Legislature's exemption for "one or two-family dwellings", since a portion of defendant's home has been treated as commercial property. In this regard, the record reveals that the premises located at 303 Clinton Avenue in the City of Kingston consist of a residence, where defendant and her husband live, as well as a medical office, where defendant's husband practices his profession. The examination before trial established that the office consists of a waiting room, a nurse's area, two examination rooms, and an office. It has also been conceded that, although defendant's husband pays no rent, defendant has, in the past, taken income tax deductions based upon the use of the premises for business purposes.

The exclusion from absolute liability of owners of one- and two-family dwellings who had no direction or control over the work did not appear in the statute until 1980 (L 1980, ch 670, § 1). Prior to that time, absolute liability was placed on all owners for any breach of their nondelegable duty (L 1969, ch 1108, § 1). Apparently, in recognition of the potentially harsh results of section 240 (*see, Haimes v New York Tel. Co.,* 46 NY2d 132, 138; *cf: Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300), it was amended to exempt owners of one- and two-family dwellings who have no direction or control over the work. In a memorandum, the Law Revision Commission reasoned that said amendment was made because "[i]t is unrealistic to expect the owner of a one or two family dwelling to realize, understand and insure against the responsibility sections 240 and 241 now place upon him" (memorandum of Law Revision Commission, 1980 NY Legis Ann, at 266-67).

While the cases and memorandum cited above shed some light on why this amendment was made to the Labor Law, the Legislature failed to define what it specifically meant by the phrase "one or two-family dwelling". This being the case, the words must be given their "ordinary and accepted meaning" (McKinney's Cons Laws of NY, Book 1, Statutes, § 94). The dictionary defines "dwelling" as "a building or construction used for residence" (Webster's Third New International Dictionary 706 [unabridged 1981]). More specifically, a "dwelling house" is defined as "a house * * * that is occupied as a residence in distinction from a store, office, or other building" (*ibid.*). Another definition of the word "dwelling" is "[t]he house or other structure in which a person or persons live; a residence; abode; habitation; the apartment * * * occupied by a family as a place of residence" (Black's Law Dictionary 454 [5th ed 1979]).

To further resolve the issue and, therefore, determine the "ordinary and accepted meaning" of the language in question, we must look to cases which have construed the term "dwelling" and/or "one or two-family dwelling", even though said interpretations do not relate to the statute under consideration. In *Stewart v Barber* (182 Misc 91), for example, the court had to determine whether a house, which contained a wing devoted to the resident's dental practice, was in violation of a covenant restricting the use of the premises to "residential purposes exclusively". In holding that the covenant was violated, the court found: "where a physician or dentist sees his patients * * * at his house in a room which would normally be called his office, he thereby destroys the character of his home as a private dwelling, and it is no longer employed exclusively for residential purposes" (*supra,* at p 93).

Likewise, in an eviction proceeding involving a building containing a ground-floor business, the Second Department construed the term "one or two-family house" to mean a house "exclusively used for residential purposes" (*Matter of Present v McGoldrick,* 279 App Div 1010, 1011; *see also, Matter of Wisotsky v McGoldrick,* 279 App Div 1011, *affd* 304 NY 619). These interpretations, viewed together with the above definitions, lead us inexorably to the conclusion that the premises in question are not a "one or two-family dwelling", as it has a dual purpose of a residence (i.e., a dwelling) and a business. To accept defendant's proposed construction to include business uses would be to broaden the exception created by the Legislature in Labor Law § 240. This would be in direct contravention of the rule regarding statutory exceptions, which instructs us that they must be strictly construed and "extend only so far as their language fairly warrants" (McKinney's Cons Laws of NY, Book 1, Statutes, § 213). The order must, therefore, be affirmed.

MAHONEY, P. J., CASEY, MIKOLL and HARVEY, JJ., concur.

Order affirmed, with costs.