OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for consolidation of action numbers 1 and 2 is granted without opposition. Cross motion for summary judgment in action number 2 is denied.
*416 The pleadings in action number 2 are deemed to be the pleadings in action number 1. The caption of the consolidated action shall read:
Frank Klein, Plaintiff v A.D. Development Ltd. and Kala Zeveri, Defendant
A.D. Development Ltd., Third-Party Plaintiff v Landover Construction Corp., Third-Party Defendant
Turning to the cross motion, defendant Kala Zaveri seeks summary judgment in the consolidated action for damages pursuant to Labor Law § 240 (1). Said section imposes absolute liability for certain violations which cause injury to workers, upon all "contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work”. Defendant Zaveri contends that she is the owner of a plot of land upon which a single-family dwelling was to be erected. She contends that she is therefore exempt from liability under the statute. However, it is uncontroverted that she is also the president of the defendant developer and general contractor, and that the plot and single-family dwelling to be erected thereon, were part of a commercial enterprise and intended for resale rather than personal use. As such, defendant is not within the class of persons exempted from liability under the statute.
The purpose of section 240 is to " 'place responsibility for maintaining safeguards for the protection of workers in positions of great risk upon those parties considered best suited to provide such safeguards’ ” (Gregory v General Elec. Co., 131 AD2d 967, 968). Owners of single-family and two-family dwellings were exempted from liability by amendment to the statute in 1980, as it was " 'unrealistic to expect [them] to realize, understand and insure against the responsibility sections 240 and 241 * * * place upon [them]’ ” (Zahn v Pauker, 107 AD2d 118, 120, quoting mem of Law Rev Commn, 1980 NY Legis Ann, at 266-267).
From the foregoing it is clear that owners of commercial buildings or multiple dwellings are among those "best suited” to ensure worker safety and that single-family homeowners are not. It cannot be established that, as a matter of law, *417 defendant Zaveri falls into either category under the facts presented. Her literal reading of the statute is rejected, as under her interpretation a developer who owns and is constructing 100 single-family dwellings would still fall under the homeowner’s exemption merely by the nature of the structure, rather than the nature of the enterprise. Such a reading would be inconsistent with a liberal construction of the statute to accomplish its beneficial purpose of securing better protection for workers (see, Sarnoff v Charles Schad, Inc., 22 NY2d 180, 185). Accordingly, defendant Zaveri’s motion for summary judgment is denied.