OPINION OF THE COURT
Peter C. Patsalos, J.
In September 1986, defendant Karas (doing business as Karpy Enterprises) hired defendants Wolff and Garcia (doing business as Wolff Construction) to do repairs on an unoccupied barn located on his property in Goshen, New York. On September 24, 1986, while (undisputedly) "in the course of his *841 employment as a carpenter for defendants * * * Wolff and * * * Garcia”, plaintiff was injured when the scaffold upon which he was working "went down”.
Thereafter, plaintiff commenced this action against Karas (doing business as Karpy Enterprises, etc.), as well as Wolff and Garcia (doing business as Wolff Construction), who apparently "did not have * * * Workers’ Compensation for [plaintiff’s] benefit”, seeking damages for the injuries sustained (see, Workers’ Compensation Law § 11). Plaintiff now moves for partial summary judgment against Karas on the ground that Labor Law §§ 240 and 241 impose absolute liability on him as the owner of the premises where the injury took place. Karas opposes, and cross-moves for dismissal, solely on grounds of the exemption for "one and two-family dwellings” contained in that statute.
Sections 240 and 241 of the Labor Law, at issue here, . provide in pertinent part:
"§ 240 * * *
"1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding” (emphasis supplied).
"§ 241 * * *
"All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements” (emphasis supplied).
In determining the sole issue of whether the subject premises comes within the statutory exemption, the court takes note that the Labor Law is to be construed liberally to accomplish its purpose of protecting workers engaged in dangerous occupations (see, Bohnhoff v Fischer, 210 NY 172; Rocha v State of New York, 45 AD2d 633, lv denied 36 NY2d 642); that statutory exceptions must be strictly construed and "extend only so far as their language * * * warrants” (McKinney’s Cons Laws of NY, Book 1, Statutes § 213; see, Zahn v Pauker, 107 AD2d 118, 121); and that in construing statutes, words must be given their "ordinary and accepted meaning” *842 (McKinney’s Cons Laws of NY, Book 1, Statutes § 94; see, Zahn v Pauker, supra, at 120).
In light of these principles and in noting, inter alia, that Webster’s Dictionary defines "dwelling” as a "building or construction used for residence” and "a dwelling house” as "a house * * * that is occupied as a residence in distinction from a store, office, or other building”, as the Appellate Division points out in more elaborate detail in Zahn v Pauker (supra, at 120), the court concludes that the unoccupied and never-resided-in barn in question on 105 acres, "several hundred feet from the other buildings”, and in an industrial zone, is an "other building”, and not a "one and two-family dwelling” within the contemplation of the Labor Law (significantly, the proposal to do the work in question was submitted by defendants Wolff and Garcia to "Karpy Enterprises”, apparently one of the entities Karas did business under). If the Legislature had intended to include in the statutory exemption structures such as barns or sheds unconnected to a residential structure, it could have, and presumably would have, stated so.
In light of the foregoing, the court need not address the issue of directing and controlling the work.
Accordingly, the motion for partial summary judgment on the issue of defendant Karas’ liability is granted, and the cross motion is denied.