HERBERT VAN AMEROGEN, JR., et al., Respondents, v SAMUEL DONNINI et al., Appellants.

Third Department, April 26, 1990

APPEARANCES OF COUNSEL

*Williamson, Clune & Stevens (John H. Hanrahan, III,* of counsel), for appellants.

*Rosenblum, Sarachan & Ronan (George L. Sarachan* of counsel), for respondents.

**OPINION OF THE COURT**

MERCURE, J.

Defendant Marsini Donnini purchased a four-bedroom home in the City of Troy, Rensselaer County, in 1970 and has since that time rented the property to college students. In July 1986, her husband, defendant Samuel Donnini, hired plaintiff Herbert Van Amerogen, Jr. (hereinafter plaintiff) to repair a porch roof at the house. While working on the roof, plaintiff slipped and fell to the ground, sustaining serious injuries, as a result of which plaintiffs commenced this action, alleging causes of action in strict liability under Labor Law §§ 240 and 241. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint upon the ground that Labor Law §§ 240 and 241 had no application since defendants fit within the statutory exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [first unnum para], [6], [7], [8]). Supreme Court denied the motion upon the ground that it could not find as a matter of law that the property was a one- or two-family dwelling

because it was occupied by unrelated students and in view of its commercial use. Defendants appeal.

■ There should be a reversal. Initially, we reject plaintiffs' contention that the exemption did not apply since the tenants of the house, four unrelated college students, do not constitute a "family". Clearly, the exemption is not dependent upon the biological or legal relationship of the occupants but, rather, looks to the character of the building. By its terms, the statutory reference to "one and two-family dwellings" describes structures designed for and of the type commonly used as dwellings by one- or two-family units and the property here is a one-family dwelling in that sense, with a single set of living quarters. Thus, the exemption from strict liability is not lost merely because the occupants of the premises were unrelated by blood, adoption or marriage.

■ Similarly, we reject the contention that defendants' commercial use of the property excludes them from the benefit of the exemption. It is fundamental that courts should construe clear and unambiguous statutes so as to give effect to the plain meaning of the words used *(Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675). "Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, ' "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" ' " *(Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665-666, quoting *Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209; *see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94, 240). Here, the statute speaks only to "owners of one and two-family dwellings" and we see no basis for adding by implication the language "who do not hold the property for commercial gain". We must presume that had the Legislature intended to distinguish between one- and two-family dwellings which are held, at least in part, for the owner's own residential use and those which are held exclusively for income-producing purposes, it could easily have done so by including the language "occupied by the owner as his principal residence" or other words of similar meaning. For the same reason, we disagree with the holding in *Klein v A.D. Dev.* (139 Misc 2d 415), which would deny the benefit of the exemption to developers who construct one- and two-family dwellings for resale.

Where, as here, the words and meaning of a statute are plain, clear and unambiguous, a court should not resort to

analysis of the legislative history *(see, Rubin v City Natl. Bank & Trust Co.,* 131 AD2d 150, 152). Were we to engage in such analysis, we see nothing in the legislative history to the Laws of 1980 (ch 670), amending Labor Law §§ 240 and 241 so as to add the subject exemption, which persuades us to adopt the dissenters' interpretation of the statute. The rationale for the recommendation of the Law Revision Commission that "[i]t is unrealistic to expect the owner of a one or two family dwelling to realize, understand and insure against the responsibility sections 240 and 241 now place upon him" *(see,* mem of NY Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1657) would logically apply to owners of one- or two-family dwellings held for investment purposes, as properties of this type would, generally, only be of interest to small investors. Furthermore, the inclusion of two-family dwellings within the statutory exemption is clear evidence of the Legislature's intent that exempt properties may be held for commercial purposes, so long as the use is of a residential nature *(cf., Zahn v Pauker,* 107 AD2d 118). Accordingly, Supreme Court should have granted defendants' motion for summary judgment dismissing the complaint.

LEVINE, J. (dissenting). We respectfully dissent. Rarely is the meaning of statutory language entirely free from doubt so as to obviate all resort to legislative history or rules of construction, and the exemption from Labor Law liability for "owners of one and two-family dwellings" is no exception. The Legislature failed to define what is meant in referring to one- or two-family dwellings. By prior case law, it has been construed by this court to be limited to structures used *exclusively* for residential purposes *(Zahn v Pauker,* 107 AD2d 118, 121). And, in the instant case, the language has, we think correctly, been construed to deemphasize the word "family" in favor of an interpretation of the whole phrase as referring to the *type* of structure. Neither of these constructions, however, can be said to have been absolutely dictated by the statutory language. Therefore, in our view, it is appropriate to refer to legislative history and to avoid an interpretation which produces anomalous results in the light of the legislative intent. Moreover, when the legislative intent is clear, it should control even over literal language *(Braschi v Stahl Assocs. Co.,* 74 NY2d 201, 207-208; *Ferres v City of New Rochelle,* 68 NY2d 446, 451).

The exceptions relied upon by defendants were added as

amendments to Labor Law §§ 240 and 241 in 1980 (L 1980, ch 670, § 1) upon the recommendation of the Law Revision Commission (mem of NY Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1657). The Law Revision Commission's memorandum points out that the nondelegable duty to owners and contractors to provide for the safety of construction workers under sections 240 and 241 is based on their presumed dominant economic position, vis-à-vis workers and subcontractors, to impose safety standards and insure against accidents (id., at 1659). It is further noted, however, that "the theory of dominance of the owner over the subcontractor or worker breaks down" in the case of an owner of a one- or two-family dwelling (id., at 1659). "It is unrealistic to expect such an owner to realize, understand and insure against the responsibility sections 240 and 241 now place upon him" (id., at 1659-1660). The Commission concluded that, since such an owner cannot be considered to have a position "which is dominant over that of the person doing the work" and would not likely have adequate insurance coverage under the typical "homeowner's" policy for the serious injuries commonly incurred in construction accidents, such an owner should not be held liable for violations of Labor Law §§ 240 and 241 if there is no control or direction over the work (id., at 1660).

As the legislative history thus clearly demonstrates, the purpose of the statutory exceptions was narrowly to protect the typical owner of a one- or two-family house who substantially devotes the property to some personal use, with the remainder, if any, passively rented as a single residential unit, and who therefore cannot be expected to have the business, legal and construction acumen or superior bargaining position to safeguard against absolute liability by obtaining proper insurance coverage and/or imposing safety requirements on those engaged to do the work. Consistent with this interpretation, the exemption from the absolute liability provisions of Labor Law §§ 240 and 241 is limited to structures used exclusively as dwellings (Zahn v Pauker, supra), and then only to those containing no more than two living units (Harmon v Sager, 106 AD2d 704). On the basis of the same reasoning, we agree with the decision in Klein v A.D. Dev. (139 Misc 2d 415) that the statutory exceptions do not automatically apply when the owner is a real estate developer who undertakes construction of a one-family home purely for purposes of profit from resale.

It follows from the foregoing that owners, such as defen-

dants here, who acquire and use residential property purely for investment and income-producing purposes are not within the class the Legislature sought to protect by the exceptions to the nondelegable safety responsibility of owners under Labor Law §§ 240 and 241. Such owners can generally be presumed to have sufficient business skills and dominant economic position over the person doing the work, so as to be looked to as guardians of safety at construction sites (see, mem of NY Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1659-1660). In thus narrowly limiting the scope of the phrase under consideration, we also conform to the rule of construction that statutory exceptions to broad remedial statutes such as the Labor Law are to be strictly construed (Zahn v Pauker, supra, at 121). Accordingly, Supreme Court correctly denied defendants' motion for summary judgment dismissing the complaint, and we would affirm.

MAHONEY, P. J., and CASEY, J., concur with MERCURE, J.; KANE and LEVINE, JJ., dissent and vote to affirm in an opinion by LEVINE, J.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.