■ CARL E. BECKER, Appellant, v JAMES ROYCE et al., Respondents, et al., Defendant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Defendants Royce are the owners of a 140-acre parcel of land containing two separate structures, a residence and a barn. Defendants leased 50 to 60

acres of land to Keough Farms and as part of the lease, Keough stored hay in the barn. Defendant Burley had an option to purchase the Royce property and had been permitted to repair the barn so that he could rent it. Burley directed plaintiff to cut notches in a beam and gave him a chain saw to perform the work. Plaintiff, while standing on a block of wood atop a crate frozen to the ground, was injured when the chain saw kicked back and struck him in the face, causing him to fall off the block and crate. Plaintiff commenced this action against defendants Royce and Burley, alleging liability based on common-law negligence and on violations of sections 240 (1) and 241 (6) of the Labor Law. Following joinder of issue and discovery, defendants Royce moved for summary judgment, and plaintiff cross-moved for summary judgment. Supreme Court concluded that plaintiff's injuries were not proximately caused by his fall from the three-foot high crate and block platform; that the moving defendants, as owners of a one-family residence, were exempt from liability under sections 240 and 241 of the Labor Law; and that plaintiff failed to submit proof sufficient to raise a triable issue on liability under Labor Law § 241 (6).

The record contains no evidence that plaintiff sustained any injury from his fall. It is plaintiff's position, however, that because the fall was caused by the kick of the chain saw and was part of a continuous event, his facial lacerations, loss of teeth and related injuries were part of his fall from an elevated work surface. That contention is without merit. Plaintiff was required to prove that the alleged violation of Labor Law § 240 (1) was a proximate cause of his injuries *(see, Rossi v Main-South Hotel Assocs.,* 168 AD2d 964). The uncontroverted fact is that plaintiff's injuries resulted solely from the kick back of the chain saw, and summary judgment was properly granted in defendants' favor on the Labor Law § 240 (1) claim.

The court erred, however, in granting summary judgment to defendants on the Labor Law § 241 (6) claim. The statutory exemption accorded to owners of one-and-two-family dwellings does not apply to defendants in the circumstance of this case. The work was not being performed on the residence; instead, the work related solely to the barn, which was being used for commercial purposes *(see, Gernstl v Edwards,* 162 AD2d 966; *cf., Cannon v Putnam,* 76 NY2d 644). Accordingly, we modify the order by denying defendants' summary judgment motion to the extent that it sought dismissal of plaintiff's Labor Law § 241 (6) cause of action. (Appeal from Order of Supreme

Court, Wyoming County, Newman, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.