■ PHILIP R. BARTOO, Plaintiff, v ROBERT O. BUELL, Defendant. DENNIS E. PANGBURN, Plaintiff, v ROBERT O. BUELL, Defendant. ALLEN SKIVER, JR., et al., Respondents, v ROBERT O. BUELL, Appellant. ROBERT O. BUELL, Third-Party Plaintiff, v GENERAL ROOFING & HEATING CO., INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [605 NYS2d 992] —Order reversed on the law without costs and motion denied. Memorandum: Supreme Court should have denied the motion of plaintiffs Skiver for summary judgment against defendant homeowner on the issue of liability under Labor Law § 240 (1). Under the facts of this case, defendant was entitled to the statutory exemption accorded to owners of one- and two-family dwellings under Labor Law § 240 (1) and § 241 (6) (see, Cannon v Putnam, 76 NY2d 644, 649; Enderby v Keppler, 184 AD2d 1058; Devodier v Haas, 173 AD2d 437).

■ PHILIP R. BARTOO, Respondent, v ROBERT O. BUELL, Appellant. DENNIS E. PANGBURN, Respondent, v ROBERT O. BUELL, Appellant. ALLEN SKIVER, JR., et al., Plaintiffs, v ROBERT O. BUELL, Defendant. ROBERT O. BUELL, Third-Party Plaintiff, v GENERAL ROOFING & HEATING CO., INC., Third-Party Defendant-Appellant. (Appeal No. 2.) [605 NYS2d 715] —Order reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting the motions of plaintiffs Pangburn and Bartoo for summary judgment against defendant homeowner on the issue of liability under Labor Law § 240 (1). The court further erred in denying defendant's motion for summary judgment to the extent that it sought dismissal of the causes of action contained in the complaints of all plaintiffs that alleged violations of Labor

Law § 240 (1) and § 241 (6). We conclude that defendant was entitled to the statutory exemption accorded to owners of one- and two-family dwellings under Labor Law § 240 (1) and § 241 (6) *(see, Cannon v Putnam,* 76 NY2d 644, 649; *Enderby v Keppler,* 184 AD2d 1058; *Devodier v Haas,* 173 AD2d 437). Under the facts of this case, "the conclusion is inescapable that the project was purely and simply a home improvement measure" *(Cannon v Putnam, supra,* at 651), and not related to a commercial use, notwithstanding that defendant leased space to others in a portion of the structure where repairs were in process at the time of the accident *(see, Balduzzi v West,* 141 Misc 2d 944, *affd* 144 AD2d 1036, *lv dismissed* 74 NY2d 650, *lv denied* 76 NY2d 711; *cf., Becker v Royce,* 170 AD2d 974; *Gernstl v Edwards,* 162 AD2d 966; *Zahn v Pauker,* 107 AD2d 118).

All concur except Lawton and Fallon, JJ., who dissent and vote to affirm in the following Memorandum.

Lawton and Fallon, JJ. (dissenting). We respectfully dissent. Plaintiffs, Philip Bartoo, Dennis Pangburn and Allen Skiver, Jr., were injured when they fell from scaffolding while repairing the roof on defendant's barn. At the time of the accident, defendant was leasing space in the barn to individuals to store their golf carts. Because the barn was undeniably used in part for commercial purposes, and because the roofing project benefitted the entire structure, we conclude that defendant was not entitled to the exemption accorded to one- and two-family dwellings under Labor Law § 240 (1) and § 241 (6) *(see, Becker v Royce,* 170 AD2d 974; *Gernstl v Edwards,* 162 AD2d 966; *Zahn v Pauker,* 107 AD2d 118). This is not a case where the commercial activities were housed separately and the construction work was unrelated to the commercial activities *(cf., Cannon v Putnam,* 76 NY2d 644; *Enderby v Keppler,* 184 AD2d 1058). Thus, we would affirm. (Appeals from Order of Supreme Court, Allegany County, Francis, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.