OPINION OF THE COURT
Memorandum.
The appeals taken by the Bartoo and Pangburn plaintiffs and by the Skiver plaintiffs, respectively, should each be dismissed upon the ground that the June 2, 1994 Supreme Court order appealed from pursuant to CPLR 5601 (d) in order to secure review of prior nonfinal Appellate Division orders, does not itself finally determine the actions within the meaning of the Constitution.
The June 2, 1994 Supreme Court order, being nonfinal, cannot serve to bring up for review, pursuant to CPLR 5601 (d), prior nonfinal Appellate Division orders (see, e.g., Bartoo v Buell, 198 AD2d 819, appeal dismissed 83 NY2d 800). With respect to plaintiffs Skivers’ appeal, the prior nonfinal Appellate Division order left pending plaintiffs’ separately pleaded claim based on Labor Law § 200. With respect to plaintiffs Bartoo’s and Pangburn’s appeal, the Appellate Division order left pending plaintiffs’ separately pleaded claims based on Labor Law §§ 200 and 240 (2). The subsequent Supreme Court order, entered upon the parties’ stipulation, discontinuing all *887 common-law claims expressly reserved all Labor Law claims. Thus, procedurally, certain statutory claims appear to remain open and pending.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), appeals taken by the Bartoo and Pangburn plaintiffs and by the Skiver plaintiffs dismissed, with costs, in a memorandum.