James J. Conroy, J.
On January 8, 1957, petitioner, represented by counsel, obtained an order based upon her petition, sworn to January 7, 1957, to review the determination of the respondent, the Board of Standards and Appeals of the City of New York, granting a variance of the area district regulations of the zoning resolution under section 21 thereof, so as to permit a certain one-family dwelling to be occupied by two families.
This is a motion by John J. Clair, Jr., and Jamaica Estates Association, Inc., of which he is president, for leave to intervene upon the ground that he, individually, and the association, a civic group organized and interested in maintaining the present one-family zoning restrictions in Jamaica Estates, have an interest in the final determination of this proceeding; that with the consent of the petitioner who is a member of the *95 association it engaged counsel to represent her in this proceeding ; that she signed the petition with knowledge that her action would be representative and in the interest of the residents of the area sought to be protected, and the association obligated itself to pay all legal expenses involved in this proceeding, the petitioner having been selected to act as such in view of her filing of objections before the respondent board.
The movants claim that the petitioner herein informed them that she desired to withdraw from this proceeding and had no objection to another member of the association continuing the same as she did not wish to prejudice the legal rights of her neighbors. In an affidavit in support of this application her attorney states that on March 14, 1957, he received a telephone communication from a Mr. Rosen of the corporation counsel’s office informing him that the latter had in his possession a stipulation of discontinuance of this proceeding signed by the petitioner and that he wished to know why the attorney of record had not signed said stipulation and whether he knew that it had been signed by the petitioner. Said attorney informed Mr. Rosen that he knew nothing of the stipulation, had not heretofore been informed of its existence and would not sign it under the circumstances of this proceeding.
According to the opposing affidavit of an assistant corporation counsel petitioner, of her own accord, executed a stipulation consenting to the discontinuance of her proceeding.' He contends that it is valid and binding notwithstanding that it ‘ ‘ was executed without the knowledge and consent of her attorney.” He also contends that neither movant may be regarded as parties aggrieved in this proceeding, and, therefore, has no standing to intervene.
Paragraph (b) of subdivision 1 of rule 301 of the Rules of Civil Practice permits a voluntary discontinuance ‘ ‘ by filing with the clerk of the court in which the action or proceeding may be pending a stipulation in writing signed by the attorneys of record for all parties, provided that all parties are adults or corporations and provided that no person not a party has an interest in the. subject matter of the action.”
Inasmuch as the papers on file with the County Clerk do not disclose that a stipulation of discontinuance has been filed as required by the rule, and it is admitted that the purported stipulation was not signed by petitioner’s attorney of record and the specific and beneficial interest of the applicants to review the determination has been challenged, the motion is respectfully referred to an official referee to hear testimony and report upon the following:
*96 1. Are the movants specifically and beneficially interested in annulling the determination to be reviewed so as to warrant intervention by both or either of them?
2. The circumstances concerning the institution of the proceeding to review and whether such proceeding was in fact representative in character and financed by the association or its members.
3. All relevant facts and circumstances concerning the purported stipulation of discontinuance including the negotiations therefor, if any, its preparation, execution and delivery to the corporation counsel.
Settle order.