■ DEBRAH CHARATAN-BERGER, Respondent, v BRADLEY I. BERGER, Appellant.—

Order of the same court and Justice, dated June 20, 1989 and entered on or about June 21, 1989, which, *inter alia,* stayed enforcement by defendant of said stipulation, is modified, on the law and on the facts, to the extent of vacating the stay of enforcement of the stipulation, and directing an immediate continuation of the custody hearing, and except as so modified, otherwise affirmed, without costs.

On August 28, 1977, Mr. Bradley Ian Berger (husband) and Ms. Debrah Charatan (wife) were married. Thereafter, in 1984, a son was born of that union. While the husband is a practicing attorney, the wife is president of a real estate brokerage firm.

Subsequently, in August 1985, the wife took the parties'

infant child, moved out of the marital residence, and into her own apartment. Following that event, the wife (plaintiff) commenced an action against the husband (defendant) in the Supreme Court, New York County, for divorce and related relief. Thereafter, the custody issue was severed from that action.

During the course of the custody hearing, the parties and their respective counsel executed a stipulation dated March 22, 1989, which gives to defendant custody of the parties' child. Within days thereafter, the plaintiff disavowed that stipulation, and the custody hearing continued.

In April 1989, plaintiff moved to stay enforcement of that stipulation and defendant cross-moved for enforcement of same. By order dated June 14, 1989, the IAS court, *inter alia,* granted plaintiff's motion and denied defendant's cross motion.

Before entry of the order dated June 14, 1989, defendant moved for, *inter alia,* a change in times of visitation with the subject child. By order dated June 20, 1989, the IAS court disposed of this visitation motion and, *inter alia,* again stayed enforcement by defendant of the stipulation.

Defendant appeals from those IAS orders, which were both entered June 21, 1989.

After our examination of the stipulation, we find that, based upon the record before us, this stipulation which, as mentioned *supra,* contains the signatures of plaintiff and her counsel, satisfies the requirements of CPLR 2104. Further, we find no justification to stay its enforcement. The judicial policy in this State is to favor the enforcement of stipulations *(Nishman v De Marco,* 76 AD2d 360, 368 [1980], *appeal dismissed* 53 NY2d 642 [1981]). In view of our analysis, we find that the IAS court erred in staying enforcement of the stipulation.

Although we permit enforcement of the stipulation, we direct an immediate continuation of the custody hearing, since we find that to be in the best interests of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]).

Accordingly, we modify both IAS court orders entered June 21, 1989 to the extent of vacating the stay and directing an immediate continuation of the custody hearing, and except as so modified, otherwise affirmed.

We have considered the other contentions of the parties and find them to be without merit. Concur—Murphy, P. J., Ross, Asch and Smith, JJ.

Sullivan, J., dissents in a memorandum as follows: I would affirm both orders, essentially for the reasons set forth in Justice Wright's decisions dated May 21, 1989 (entered June 21, 1989) and June 8, 1989. The majority, it seems to me, gives undue deference to the parties' out-of-court stipulation, entered into during the course of a custody hearing but repudiated shortly thereafter by the wife before the court, which had been completely unaware of the substance of pending settlement discussions, could give its imprimatur. As the court pointed out in staying enforcement of the stipulation, "[n]o matter what the parties desire, it is the court that must determine, upon all of the evidence, what is best for the child." This statement, of course, represents the well-settled law of this State. *(Matter of Araujo v Araujo,* 38 AD2d 537, 538.) The stipulation is but one component, albeit an important one, among the many to be weighed in the resolution of the custody issue. *(See, Friederwitzer v Friederwitzer,* 55 NY2d 89, 95.)