OPINION OF THE COURT
Stanley L. Sklar, J.
This is an action for medical malpractice. The instant motion and cross motion concern a dispute over the validity of an unfiled stipulation of discontinuance signed by plaintiffs’ counsel on behalf of Ray Noble, the husband of plaintiff *232 Madeline Noble, who was allegedly injured by the defendants’ malpractice.
In a letter dated April 13, 1994 an attorney from plaintiffs’ counsel’s office (who is no longer with the firm) informed defense counsel that Mr. Noble "has agreed to withdraw his cause of action”, but that he was aware "he may still have to give testimony as a non-party.” Defense counsel returned the executed stipulation of discontinuance to plaintiffs’ counsel together with a letter dated May 25, 1994. The stipulation, dated April 11, 1994 and signed by counsel for both sides, states that the cause of action for loss of services is discontinued with prejudice and that the caption is amended to omit Mr. Noble’s name.
In a letter dated September 14, 1994 defense counsel inquired of plaintiffs’ counsel whether the stipulation had been filed. Plaintiffs’ counsel responded by letter dated September 21, 1994 that Mr. Noble "has reconsidered and has decided to prosecute his case. Inasmuch as the executed stipulation of discontinuance has not been filed as CPLR 3217 requires for it to be deemed effective, please deem the stipulation a nullity.”
Defendants have now moved for an order deeming the stipulation of discontinuance of Ray Noble’s cause of action to be fully enforceable and filed as required by CPLR 3217, and amending the caption to delete Ray Noble’s name. Plaintiffs have cross-moved to vacate the stipulation of discontinuance "on the grounds of lack of consideration, lack of prejudice and/or mistake of fact”.
Defendants argue that the filing of the stipulation is "purely ministerial.” Defendants contend that Mr. Noble should not be able to repudiate the stipulation since his attorney prepared the document and it was his attorney who failed to file it. Defendants further claim that they have relied to their detriment on the stipulation since Dr. O’Leary appeared for deposition (on Aug. 19, 1994) prior to Mr. Noble, believing that Mr. Noble was no longer a party. This, it is alleged, defeated defendants’ priority of depositions. Defendants — who do not assert that Mr. Noble’s deposition testimony regarding the loss of services claim would now be tailored in light of Dr. O’Leary’s deposition testimony — claim that Noble’s testimony as to the lack of informed consent claim could be tailored. Plaintiffs’ counsel notes that defendants’ counsel intended to depose Mr. Noble even if the stipulation had been filed. Plaintiffs’ counsel further observes that defense counsel did *233 not rely on the stipulation in agreeing to go ahead with Dr. O’Leary’s deposition. Mr. Noble was deposed on October 20, 1994. Defendants do not claim in their reply papers that any of Mr. Noble’s testimony prejudiced them as a result of his having testified after Dr. O’Leary.
It is claimed that Mr. Noble did not "fully appreciate the nature and extent of his claim” when he withdrew it. In addition, Mr. Noble notes that at the time the stipulation was executed his marriage was troubled. Plaintiffs emphasize that no consideration was given and argue that the prejudice to defendants was de minimis.
CPLR 3217 (a) (2) provides that a party asserting a claim may voluntarily discontinue that claim without an order "by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided that no party is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action.” CPLR 3217 (a) (2) is based on rule 301 of the Rules of Civil Practice which provided in relevant part that an action could be discontinued by a plaintiff without a court order: "by filing with the clerk of the court in which the action or proceeding may be pending a stipulation in writing signed by the attorneys of record for all parties, provided that all parties are adults or corporations and provided that no person not a party has an interest in the subject matter of the action.” (Rules Civ Prac, rule 301 [1] [b].) The predecessor to that version of rule 301 provided with respect to discontinuances by stipulation that: "An action or special proceeding to which all the parties are adults or corporations, and in the subject matter of which no person not a party has an interest, may be discontinued by the filing with the clerk of the court in which such action or proceeding may be pending of a stipulation in writing for such discontinuance, signed by the attorneys of record for all parties. The making and filing of such a stipulation shall have the same effect as an order of discontinuance.” (Emphasis added; see, 19th Ann Report of NY Jud Council 197-217.)
The instant stipulation was signed by the attorneys of record for all parties. Additionally, although there was no statement to that effect, the parties are not infants or incompetents and no nonparty appears to have an interest in the action. Thus, all the requirements of CPLR 3217 (a) (2) have been met except for the filing with the clerk.
*234 Defendants have referred the court to CPLR 2104 which governs stipulations generally. CPLR 2104 provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.” Further, "[t]he judicial policy of this State is to favor the enforcement of stipulations.” (Charatan-Berger v Berger, 158 AD2d 426, 427 [1st Dept 1990] [citation omitted].) "[Stipulations are treated as contracts between parties and * * * in order to promote the public policy of encouraging parties to resolve their disputes, stipulations will ordinarily be enforced by the courts.” (Ruppert House Co. v Altmann, 127 Misc 2d 115, 117 [Civ Ct, NY County 1985].) Moreover, stipulations may be enforced in the absence of consideration. (Atlas v Wood, 33 Misc 2d 543, 545 [Sup Ct, Nassau County], affd 17 AD2d 821 [1962].) Thus it appears that pursuant to CPLR 2104 the instant stipulation would be binding. However, as noted above, the provisions of CPLR 3217 (a) (2) more specifically govern the type of stipulation at issue herein — a stipulation of discontinuance. The court cannot conclude that when the Legislature specified that a party may discontinue a claim by filing a stipulation of discontinuance with the clerk that these words were superfluous and meaningless. "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76; Doctors Council v New York City Empl. Retirement Sys., 71 NY2d 669, 674-675 [1988].) Moreover, the legislative history strongly suggests that filing is necessary in order for the stipulation to constitute the equivalent of a court order, and thus be considered effective. Therefore, the Legislature must have intended filing to be a necessary step to effectuate discontinuance.
In Matter of Bryer v Board of Stds. & Appeals (6 Misc 2d 94, 95 [Sup Ct, Queens County 1957]) the matter was sent to a Referee to hear testimony because, inter alla, "the papers on file with the County Clerk [did] not disclose that a stipulation of discontinuance [had] been filed as required by the rule” under Rules of Civil Practice rule 301, predecessor of CPLR 3217. The court in Lapson v 805 Ave. C Corp. (267 App Div 919, 920 [2d Dept 1944]), also decided under rule 301 of the Rules of Civil Practice, emphasized that when the stipulation *235 of discontinuance was filed with the clerk "[s]uch filing discontinued the action with the same force as if a formal order had been entered.”
Matter of Michael T. (188 AD2d 1090 [4th Dept 1992]) involved, inter alla, a motion to set aside a stipulation discontinuing an appeal. The Appellate Division held that "[Respondent’s motion to vacate the stipulation of discontinuance [was] unnecessary inasmuch as the stipulation was never filed with this Court.” Similarly, the stipulation of discontinuance herein has not been filed and is therefore of no effect.
Although defendants contend that they would be prejudiced if plaintiff husband’s action proceeds, this court finds that defendants have not changed their position in any significant way. (See, Hallock v State of New York, 64 NY2d 224, 232 [1984] [for an example of detrimental reliance].) Further, they waited until after defendant Dr. O’Leary’s deposition before inquiring whether the stipulation had been filed. Accordingly, defendants’ motion is denied. Plaintiffs’ cross motion is granted to the extent of finding the stipulation to be invalid and of no force or effect.