OPINION OF THE COURT
Peter P. Cusick, J.
Plaintiffs Foxwood Run Condominium and Board of Managers of Foxwood Run Condominium move for an order pursuant to CPLR 2221 granting them leave to reargue and renew their prior motion for summary judgment.
*217 On March 17, 1995, this court rendered a memorandum decision granting plaintiffs’ motion for summary judgment and dismissed the action as against defendant Northfield Savings Bank. In effect, the court determined that a certain mortgage held by Northfield is "superior” to the condominium lien of the plaintiff as a matter of law.
Plaintiffs assert in this motion that the court overlooked "the basic premise and property rights that accrued from a prior recorded lien, and that new and additional proof in the nature of comments from the Legislative Bill Jackets, which clearly indicate a legislative intent to protect only previously recorded first mortgages”.
Plaintiffs’ motion to reargue is granted. Although the movant may not have technically met the requirements for reargument, the granting of this relief is discretionary with the court in the interest of justice (see, Ruggiero v Long Is. R. R., 161 AD2d 622 [2d Dept]).
At bar, plaintiffs have included in their reargument an analysis of the amendment to Real Property Law § 339-z. The text of the statute provides that the lien for unpaid common charges is superior to all other liens, except all sums unpaid on a first mortgage of record. Accordingly, a recorded common charge lien is thus subordinated to a recorded first mortgage. The legislative history supplied by plaintiff clarifies any ambiguity with reference to the case at bar in which a first mortgage was recorded subsequent to a recorded common charge lien. The memorandum of Senator Ohrenstein in support of the 1988 amendment to section 339-z stated that "[t]he statutory protection of first mortgages of record against the risk of subordination to liens for subsequently accruing unpaid common charges should likewise be extended to subordinate mortgages held by UDC, and Section 339-z should be modified accordingly” (1989 Legis Ann, at 268 [emphasis added]).
Where, as here, a statute is not clear and unambiguous on its face, resort may be had to legislative history to ascertain its intent (see, Van Amerogen v Donnini, 156 AD2d 103, 105, revd on other grounds 78 NY2d 880; Rubin v City Natl. Bank & Trust Co., 131 AD2d 150, 152; see also, Scoglio v County of Suffolk, 85 NY2d 709, 713; Noble v O’Leary, 165 Misc 2d 231; Matter of Russo v Jorling, 214 AD2d 863 [3d Dept]).
Thus, it appears clear that although a major statutory purpose behind the amendment to section 339-z was to induce lenders to extend mortgages to condominiums (Goldsmith, *218 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 49, Real Property Law § 339, 1995 Pocket Part, at 105), the amendment had no intention of furthering this goal by derogating the well-established legal concept of "prior in time, prior in right” (see, Washington Fed. Sav. & Loan Assn. v Schneider, 95 Misc 2d 924, 928). The logical conclusion is that the statute in question applies to the common situation of a first mortgage recorded prior to a recorded common charge lien, but the less common situation such as the one at bar, in which a first mortgage is recorded subsequent to a recorded common charge lien, is governed by priority of recording.
Accordingly, upon reargument the motion for summary judgment is granted in favor of plaintiff for the relief demanded, and against the interests of all defendants, including North-field Savings Bank.