ENTERED OCT 2 9 2014
MC

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-482
CKM-JAW-4/11/2014

FALMOUTH COLONIAL
VILLAGE, NO. 1,

Plaintiff

ORDER ON MOTION
TO DISMISS

v.

ZACHARY PAYNE,

Defendant

and

STATE OF MAINE
Cumberland 2nd Clerk's Office

APR 1 1 2014
RECEIVED

JPMORGAN CHASE BANK, N.A.

Party-In-Interest.

This matter is before the Court on Party-In-Interest JPMorgan Chase Bank, N.A. ("Chase")'s motion to dismiss the complaint against it. Chase argues that it should be dismissed from the case because Maine law prohibits a foreclosing mortgagee from proceeding against a party with a superior priority of interest. For the following reasons the motion is granted.

## Background

Defendant Zachary Payne owns condominium unit #54 in Building 10 of Falmouth Colonial Village No. 1. (Compl. ¶ 2.) On September 20, 2012, plaintiff, the condominium association for Payne's unit, filed a lien for unpaid condo fees against Payne. (Compl. ¶ 7.) Payne failed to pay the debt owed and on December 10, 2013 plaintiff filed a complaint for foreclosure under the Maine Condominium Act, 33 M.R.S. § 1603-116(b) (2013). In lieu of an answer, defendant Zachary Payne, *pro se*, filed a letter addressed to plaintiff's attorney acknowledging that he owes the money and offering to work out a payment plan

to settle the debt. Plaintiff filed a motion for summary judgment, which Payne did not oppose.

Chase, which obtained the mortgage on the condo in 2012, filed a motion to dismiss on March 4, 2014, after it entered into a loan modification agreement on October 18, 2013 with Payne. (Compl. ¶ 3.) Plaintiff opposes Chase's dismissal and asserts that Chase's mortgage is junior in priority to its lien. (Compl. ¶ 14.)

## Discussion

### 1. Standard of Review

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in plaintiff's complaint as true. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Doe v. Graham, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting Saunders, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" Dragomir v. Spring Harbor Hosp., 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995)).

### 2. Priority of Interests

Chase has moved to dismiss the complaint against it, arguing that Maine law prohibits a foreclosing mortgagee from proceeding against a party with a superior priority of interest. 14 M.R.S. § 6321 (2013). Plaintiff does not dispute that the law clearly prohibits a party with a junior interest from proceeding

2

against a party with a superior interest. (Pl.'s Opp. Mem. at 1.) The only issue is whether Chase's mortgage is superior to the condo association's lien.

The Condominium Act specifies the priority of a condo association's lien as follows:

> A lien under this section is prior to all other liens and encumbrances on a unit **except**: (1) Liens and encumbrances recorded before the recordation of the declaration; (2) **A first mortgage recorded before or after the date on which the assessment sought to be enforced becomes delinquent;** and (3) Liens for real estate taxes and other governmental assessments or charges against the unit.

33 M.R.S. § 1603-116(b) (2013) (emphasis added). Thus, regardless of when a first mortgage is recorded, it has priority over a condo association's lien.

Without citing any Maine authority plaintiff argues that the loan modification agreement from October 2013 between Payne and Chase destroys first-mortgage status. However, there is only one mortgage on the condo. Thus, it is difficult to accept that the mortgage held by Chase could be anything other than a "first mortgage." Moreover, as Chase points out, if loan modifications destroyed priority status, banks would not be willing to modify loans, and the Foreclosure Diversion Program would be ineffective.

At oral argument, plaintiff asked the Court to consider two New York cases that support its argument about priority. The two cases, trial court cases interpreting New York law, are both unhelpful to plaintiff's argument. In one of the cases, the court found that New York's condo statute was ambiguous on the issue of whether a first mortgage recorded after the condo association's lien had priority. Foxwood Run Condo. v. Goller Place Corp., 642 N.Y.S.2d 758, 760 (N.Y. Sup. Ct. Sept. 14, 1995). The court concluded:

> The logical conclusion is that the statute in question applies to the common situation of a first mortgage recorded prior to a recorded

3

common charge lien, but the less common situation such as the one at bar, in which a first mortgage is recorded subsequent to a recorded common charge lien, is governed by priority of recording.

Id. Maine's statute, however, is not ambiguous. It states that a first mortgage has priority, even if it was recorded after the condo association's lien. 33 M.R.S. § 1603-116(b).

The other case is similarly unhelpful. It simply states: "the definition of first mortgage of record adopted decades ago is also simple, but more straightforward: the earliest recorded mortgage." AMT CADC Venture, LLC v. 455 CPW, LLC, 2013 NY Slip. Op. 32779 (N.Y. Sup. Ct. Nov. 4, 2013). Again, in this case, there is only one mortgage. Under Maine law it has priority over the condo association's lien.

Accordingly, the entry is:

**Party-In-Interest JPMorgan Chase Bank, N.A.'s Motion to Dismiss is GRANTED**

**JPMorgan Chase Bank, N.A. is dismissed from this action with prejudice**

Dated: April 11, 2014

_____
Joyce A. Wheeler
Justice, Superior Court

PA-Frank Chowdry Esq
D-Zachary Payne (FTA)
PII Attorney-Adam Shub Esq

4