■ RALPH LAUBER, JR., Appellant, v RICHARD CONKLIN, Individually and Doing Business as FOUR C's CONSTRUCTION COMPANY, et al., Defendants, and HELENA POLAK et al., Defendants and Third-Party Plaintiffs-Respondents. MARKSON'S AFFILIATES, INC., Third-Party Defendant-Respondent.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Patsalos, J.), entered July 26, 1989 in Orange County, which granted motions by defendants Helena Polak and Emanuel Polak and third-party defendant for summary judgment.

Defendants Helena Polak and Emanuel Polak, owners of a single-family home in the Town of Ramapo, Rockland County, contracted on December 10, 1985 with third-party defendant for major renovations on the premises. During the renovations on March 11, 1986, at a time when the building was uninhabited, and uninhabitable due to the alterations in process, plaintiff, a construction worker employed by third-party defendant, fell from the roof while adjusting the location of a ladder and was severely injured.

Plaintiff commenced this action seeking to hold the Polaks liable for his injury upon the basis of Labor Law §§ 240 and

241. The Polaks and third-party defendant both moved for summary judgment dismissing the complaint against the Polaks upon the grounds of the specific statutory exception contained in both Labor Law §§ 240 and 241. These sections provide in pertinent part:

"§ 240. Scaffolding and other devices for use of employees

"1. All contractors and *owners* and their agents, *except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall* furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis supplied).

"§ 241. Construction, excavation and demolition work

"All contractors and owners and their agents, *except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall* comply with the following requirements" (emphasis supplied).

Supreme Court determined that as the building was a single-family residence owned by the Polaks, who had contracted for the renovation work but did not direct or control the work, the statutory exception applied and, accordingly, summary judgment was granted dismissing the complaint against the Polaks.* Plaintiff appeals contending that the term "dwelling" as used in the exceptions does not apply to an unoccupied structure, even though it was and/or will be an occupied dwelling. We disagree and affirm.

The statutory exception was added by Laws of 1980 (ch 670) by the passage of bills introduced at the request of the Law Revision Commission (mem of Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1657) to cure the situation arising from a 1978 Court of Appeals case *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290). The intervention of this decision was a major causative factor in the passage of amendments which established the exception and accordingly must be afforded significance in the interpretation of the legislative

---

* Plaintiff has not asserted liability against the Polaks on the ground that they directed or controlled the work *(see, Ennis v Hayes,* 152 AD2d 914; *Sotire v Buchanan,* 150 AD2d 971).

intention (see, McKinney's Cons Laws of NY, Book 1, Statutes § 193 [b]; see also, McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 95, 96). In *Allen v Cloutier Constr. Corp. (supra)*, the owners contracted for the construction of a new home on their land. An employee of the plumbing and heating subcontractor responsible for installation of the sewer and water lines suffered fatal injuries when the walls of the sewer line trench he was digging collapsed upon him. The homeowners were held strictly liable under Labor Law § 241, which was without the subject exception. Similarly harsh consequences resulted under the interpretation of Labor Law § 240 (see, *Haimes v New York Tel. Co.*, 46 NY2d 132, 138). The memorandum of the Law Revision Commission shows that the words house, home and dwelling were used interchangeably and that specific reference to the facts of the *Allen* case was made. The legislative history fully supports the conclusion that the phrase "owners of one and two-family dwellings" (Labor Law §§ 240, 241) includes unoccupied houses.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.