■ James C. Vliet et al., Appellants, v Aaron Alweis et al., Respondents. [642 NYS2d 394] —Crew III, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 16, 1995 in Broome County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Defendants are the owners of a two-story, single-family residence located in the City of Binghamton, Broome County. In May 1993, defendants contracted with plaintiff James C. Vliet to paint their home. During the course of the work, Vliet fell from a ladder and allegedly sustained serious injuries. Vliet and his spouse thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that they were entitled to the home~ ers' exemption contained in Labor Law § 240 (1), and plainu.. cross-moved for partial summary judgment with respect to their Labor Law § 240 (1) cause of action. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, and this appeal by plaintiffs followed.*

Although Labor Law § 240 (1) expressly exempts from the

* Plaintiffs' counsel apparently conceded at oral argument before Supreme Court that plaintiffs' claims under Labor Law §§ 200 and 241 (6) were not vi-

absolute liability imposed thereunder "owners of one and two-family dwellings who contract for but do not direct or control the work", plaintiffs contend that defendants are not entitled to this exemption because defendant Aaron Alweis, a court reporter, performs certain transcription work on a home computer located at the residence and stores a portion of his work records in the attic. We cannot agree. The Court of Appeals has made clear that "the existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption [afforded by Labor Law § 240 (1)]" (*Cannon v Putnam,* 76 NY2d 644, 650); rather, in determining the applicability of the exemption, we must look to the site and the purpose of the work being performed (*see, supra*).

Applying this test to the matter before us, it is apparent that defendants are entitled to the cited exemption. The record plainly establishes that the painting of defendants' residence was nothing more than a simple home improvement project designed to beautify the appearance of defendants' property, and the effect of this undertaking, if any, upon Alweis' commercial use of the premises was negligible (*see, Bartoo v Buell,* 87 NY2d 362; *Cannon v Putnam, supra*; *Stephens v Tucker,* 184 AD2d 828). Additionally, notwithstanding the fact that Alweis claims a deduction on his income taxes for the work he performs at home, it cannot be said that defendants' residence is used "solely and exclusively for commercial purposes" (*Stephens v Tucker, supra,* at 829). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

able. Accordingly, the sole issue on appeal is the applicability of the "homeowners exemption" afforded by Labor Law § 240 (1).