■ DAVID HOOK et al., Respondent, v MICHAEL QUATTROCIOCCHI et al., Appellants. [647 NYS2d 881] —Order unanimously re-

versed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: In June 1991 defendants purchased an historic single-family home in Fayetteville. They moved into the home with their children and began extensive repairs and renovation. Defendants hoped that, in the future, they would be able to utilize the home as a bed and breakfast, as well as their primary residence. They intended to use three of the bedrooms in the home as guest rooms. When defendants purchased the home, a bed and breakfast was not a permitted use in a residential zone. They obtained the necessary zoning changes and permits in the spring of 1993, and in May 1993, opened the bed and breakfast.

There is a barn located on the property that was in poor repair when defendants purchased the property. In May 1992 defendants hired a roofing contractor to replace the barn roof. David Hook (plaintiff), an employee of the roofing contractor, fell from a scaffold while working on the barn roof and was injured. He commenced this action, alleging violations of Labor Law § 240 (1); § 241 (6) and § 200. Defendants moved to dismiss the complaint on the ground that they are entitled to the exemption from liability for owners of one- and two-family dwellings (*see,* Labor Law § 240 [1]; § 241 [6]). Plaintiff cross-moved for partial summary judgment on the Labor Law § 240 (1) cause of action. Supreme Court denied the motion and granted the cross motion. We reverse.

Owners and contractors are subject to strict liability pursuant to Labor Law § 240 (1) and § 241 (6) "except owners of one and two-family dwellings who contract for but do not direct or control the work". "The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by section 240 (1)" (*Lombardi v Stout,* 80 NY2d 290, 296; *see also, Van Amerogen v Donnini,* 78 NY2d 880, 882). "[T]he existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption. Instead, whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Cannon v Putnam,* 76 NY2d 644, 650; *see also, Khela v Neiger,* 85 NY2d 333, 337). "[W]hen an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo v Buell,* 87 NY2d 362, 368). Here, as in *Bartoo,* "any commercial benefit was

ancillary to the substantial residential purpose served by fixing the leaking barn roof" (*Bartoo v Buell, supra,* at 369; *see also, Anderson v Flanagan,* 210 AD2d 955, *affd* 87 NY2d 362; *Rivera v Revzin,* 163 AD2d 896, 897, *lv denied* 79 NY2d 760). Thus, defendants are entitled to the homeowner exemption, which requires the dismissal of the causes of action pursuant to Labor Law §§ 240 and 241 (*see, Bartoo v Buell, supra,* at 368). Defendants are further entitled to dismissal of the cause of action pursuant to Labor Law § 200 because they did not exercise supervisory control over the roofing operation (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.