■ ROBERT F. PUTNAM et al., Respondents, v KARACO INDUSTRIES CORPORATION et al., Defendants, and STEVEN ROYCE et al., Appellants. (And a Third-Party Action.) [676 NYS2d 651] —In an action to recover damages for personal injuries, etc., the defendants Steven Royce and Barbara Royce appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 20, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Robert F. Putnam was performing carpentry work in connection with the construction of a new home to be owned by the defendants Steven Royce and Barbara Royce when he fell 25 feet from a scaffolding and hit his head. He commenced the instant action to recover damages for personal injuries under, inter alia, Labor Law §§ 200, 240, and 241. At the conclusion of discovery, the Royces moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were exempt from liability

because they were the owners of a one-family dwelling who neither directed nor controlled the construction. The Supreme Court denied the motion stating that there were triable issues of fact "as to whether the Royces intended to partially use the residence being constructed for commercial purposes".

Labor Law §§ 240 and 241 imposes a nondelegable duty upon contractors and owners to provide scaffolding and other adequate and reasonable protection to persons employed in construction, excavation, or demolition. However, the owners of one- and two-family dwellings, who do not direct or control the work, are statutorily exempt from liability (*see, Lombardi v Stout*, 80 NY2d 290; *Cannon v Putnam*, 76 NY2d 644; *Schwartz v Foley*, 142 AD2d 635).

At one end of the spectrum, where it is clear that the property is used solely as a one- or two-family dwelling, and the homeowner does not direct or control the work, the exemption will apply (*see, Schwartz v Foley, supra*). At the other end of the spectrum, where a one- or two-family dwelling is used "entirely and solely for commercial purposes", the owners cannot benefit from the dwelling exception (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [defendants not entitled to exception where four-bedroom house was continuously used as income-producing rental property]; *see, Lombardi v Stout, supra*). In determining whether to apply the dwelling exemption to those situations which fall somewhere between these two extremes, the courts have applied a "site and purpose of the work" test (*Cannon v Putnam, supra*). "[T]he existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption" (*Cannon v Putnam, supra*, at 650).

In *Bartoo v Buell* (87 NY2d 362), the Court of Appeals noted that "a residence that houses a business may nevertheless retain its character as a home" and thus still qualify for the homeowner's exemption (*Bartoo v Buell, supra*, at 368). The court concluded that "when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, the owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo v Buell, supra*, at 368).

It is clear that the work being performed here, the construction of a new house, related directly to the residential use of the home. The mere fact that the Royces had a photocopier and a fax machine, or that they had more than one telephone line, does not detract from the building's primary use as a resi-

dence, with any purported commercial activity being incidental thereto (*see, Bartoo v Buell, supra; Telfer v Gunnison Lakeshore Orchards*, 245 AD2d 620; *Hook v Quattrociocchi*, 231 AD2d 882; *Vliet v Alweis*, 227 AD2d 853). *Krukowski v Steffensen* (194 AD2d 179), is distinguishable since it was clear in that case that the commercial use of the building completely overwhelmed the incidental residential use.

As there is no evidence that the Royces directed or controlled the work, they are entitled to the homeowner exemption, which requires the dismissal of the causes of action asserted under Labor Law §§ 240 and 241. As to any cause of action asserted under Labor Law § 200, an owner or contractor generally is not liable for a defective or dangerous condition that arises out of a subcontractor's own methods in performing the work (*see, Rojas v County of Nassau*, 210 AD2d 390, 391). A defendant's mere presence at the worksite is insufficient to give rise to a question of fact as to the defendant's direction and control (*see, Pazmino v Woodside Dev. Co.*, 212 AD2d 520; *Simms v City of New York*, 221 AD2d 332). Moreover, the general power of supervision over the work does not give rise to liability under Labor Law § 200 (*see, D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.*, 231 AD2d 955). Here, the mere fact that Steven Royce visited the site once or twice a week, and allegedly complained about the rate of progress of the construction, does not support a finding that the Royces either directed or controlled the work (*see, Jacobsen v Grossman*, 206 AD2d 405; *Kolakowski v Feeney*, 204 AD2d 693; *McGuiness v Contemporary Interiors*, 205 AD2d 739). Thus, there is no basis upon which the Royces may be held liable under Labor Law § 200. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.