■ ALLEN NOWAK et al., Appellants-Respondents, v ELMAR KIEFER et al., Respondents, and TOWER ENTERPRISES OF W.N. Y., INC., et al., Respondents-Appellants, et al., Defendants. [685 NYS2d 151] —Judgment and order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant Elmar Kiefer contracted with defendant Tower Enterprises of W.N. Y., Inc. (Tower) for the construction of a single-family residence. Pursuant to the construction contract, defendant Wilhelm Kiefer, Elmar's father, was to open and close the construction site and to make sure the contract specifications were followed. Tower hired Allen Nowak (plaintiff) as an independent consultant to evaluate the progress of the construction. Upon the recommendation of plaintiff, Tower hired defendant Norman R. Daruszka, doing business as Daruszka General Construction (Daruszka), as the project manager. Plaintiff was injured while inspecting the progress of the construction when he fell through a hole in the second floor attic to the concrete floor of the garage. The hole was cut out of the floor for the installation of a pull-down staircase.

Supreme Court properly granted the cross motions of Elmar and Wilhelm Kiefer for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against them. Owners of a one-family residence or their agents who contract for but do not direct or control the work are not liable under Labor Law § 240 (1) or § 241 (6) (*see, Hook v Quattrociocchi*, 231 AD2d 882, 884). We reject plaintiffs' contention that the homeowner exemption is not applicable because Elmar Kiefer intended to use part of his home for his business. Because the work contracted for directly related to the residential use of the home, the exemption applies (*see, Bartoo v Buell*, 87 NY2d 362, 368; *Hook v Quattrociocchi, supra,* at 883-884). We also reject plaintiffs' contention that Elmar and Wilhelm Kiefer directed or controlled plaintiff's work (*see, Kostyj v Babiarz*, 212 AD2d 1010, 1011; *Reyes v Silfies*, 168 AD2d 979, 980).

The court granted plaintiffs' motion for partial summary judgment under Labor Law § 240 (1) against Tower and Daruszka and denied the cross motions of those defendants for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against them. The court properly granted plaintiffs' motion with respect to Tower, the general contractor. Plaintiff was hired by Tower to inspect the progress

of the construction and to direct the next phase of construction. Plaintiff was involved in a protected activity under the statute because his work was necessary and incidental to the construction of the home (*see, Orr v Christa Constr.*, 206 AD2d 881). Furthermore, as an independent contractor hired by Tower, plaintiff was employed within the meaning of Labor Law § 240 (1) and § 241 (6) (*see, Haimes v New York Tel. Co.*, 46 NY2d 132, 136-137; *see generally, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577).

The court erred, however, in granting plaintiffs' motion with respect to Daruszka and in denying that part of the cross motion of Daruszka for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against him. It is undisputed that plaintiff supervised Daruszka. Thus, because Daruszka did not exercise any supervision over plaintiff's work, he was not an agent of the owner or general contractor within the meaning of sections 240 (1) and 241 (6) (*see, Russin v Picciano & Son*, 54 NY2d 311, 317-318; *Grimes v Pyramid Cos.*, 237 AD2d 940, 940-941; *Long v Danforth Co.*, 236 AD2d 781).

The court properly granted those parts of the cross motions of Elmar and Wilhelm Kiefer, Tower and Daruszka for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against them. Those defendants established that they did not exercise any supervisory control over the manner or method of plaintiff's work (*see, Lombardi v Stout*, 80 NY2d 290, 295; *Gray v Balling Constr. Co.*, 239 AD2d 913; *McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079). In addition, defendants had no duty to protect plaintiff against a defective or dangerous condition that was readily observable (*see, Gasper v Ford Motor Co.*, 13 NY2d 104, 110; *Pasquale v City of Buffalo*, 255 AD2d 874; *Hill v Corning Inc.*, 237 AD2d 881, *lv dismissed in part and denied in part* 90 NY2d 884).

We modify the judgment and order, therefore, by denying that part of plaintiffs' motion seeking partial summary judgment with respect to Daruszka and granting in its entirety the cross motion of Daruszka for summary judgment dismissing the complaint against him. (Appeals from Judgment and Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.