■ TIMOTHY O. YERDON et al., Appellants, v THOMAS LYON et al., Respondents. [686 NYS2d 223] —Spain, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered May 7, 1998 in Otsego County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In 1993 defendants purchased a two-story, two-family dwelling in the Village of Cooperstown, Otsego County. The house, which they intended to use for their personal residence, consisted of two living units. The larger of the two units encompassed the entire first floor and part of the rear of the second floor where two bedrooms and a half bath were located. The second living unit encompassed the remainder of the second floor. In early 1994 they contracted with plaintiff Timothy O. Yerdon (hereinafter plaintiff), a self-employed carpenter, to renovate the premises so as to provide living space for themselves throughout most of the first floor which was to include a bed and breakfast space for guests on each of the two floors. The plans also contemplated maintaining the existing second living unit on the second floor. Defendants contracted with plaintiff to replace the existing forced air system throughout the entire house with a new hot water system. As part of the renovations, plaintiff and his crew, among other things, converted a first floor bedroom into a bathroom, converted the first floor bathroom into a kitchen and added a sun room, a new rear entrance and a sun porch; he also remodeled two upstairs bedrooms, installed some new windows and doors and did the necessary work to the house's exterior related to the renovations.

In October 1994 while plaintiff was ascending a ladder to the roof of the new sun porch, and as he was about to step onto the roof, the ladder broke and he fell to the driveway below. Plaintiff commenced this action for injuries he suffered from the fall. He and his wife, derivatively, alleged causes of action under Labor Law §§ 200, 240, 241 (6) and common-law negligence. Defendants answered denying the allegations and

eventually, after discovery, moved for summary judgment dismissing the complaint. Plaintiffs then moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Supreme Court dismissed the complaint upon the merits finding that defendants were shielded from absolute liability by the statutory exemption for owners of one and two-family dwellings found in Labor Law §§ 240 and 241. Plaintiffs appealed.

We affirm. Initially, we reject plaintiffs' assertion that the property was not a one or two-family dwelling. The threshold issue is whether the relevant property qualifies as a one or two-family dwelling (*see, Mandelos v Karavasidis*, 86 NY2d 767, 768). Here, the property was a two-family dwelling at the time it was purchased by defendants. Throughout the period of renovation the house was not lived in by more than two tenants and, at the time of the accident, only the second-floor tenant was residing in the house. In our view, there is ample support in the record for us to conclude that at the time of plaintiff's accident the property was principally a one or two-family dwelling.

We next reject plaintiff's assertion that the exemption does not apply because the work performed by plaintiff and his crew primarily related to the commercial use of the property. It is settled law that "the existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption. Instead, whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (*Cannon v Putnam*, 76 NY2d 644, 650; *see, Khela v Neiger*, 85 NY2d 333, 337). "[W]hen an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo v Buell*, 87 NY2d 362, 368). Although defendants were not residing in the dwelling at the time of the renovations, this was on account of the renovations which included significant modifications to their residential living space, and it is undisputed that they intended to and did move into the first floor residential space upon completion of the work (*see, Khela v Neiger, supra*, at 336-337; *Krawiecki v Cerutti*, 218 AD2d 323, 326; *Lauber v Conklin*, 162 AD2d 907, 908, *lv denied* 76 NY2d 712; *cf., Van Amerogen v Donnini*, 78 NY2d 880).

Notably, the legislative history indicates that the intent of the exemption was to realistically protect those people who,

lacking business sophistication, would not know or anticipate the need to obtain the kind of insurance necessary to cover them against the absolute liability imposed by Labor Law § 240 (1) (*see, Lombardi v Stout*, 80 NY2d 290, 296). Moreover, "a residence that houses a business may nevertheless retain its character as a home" (*Bartoo v Buell, supra*, at 368). Indeed, "[a] homeowner who hires someone to paint his [or her] own living-room ceiling should be afforded the benefit of the statutory exemption from liability even if he [or she] also maintains a business on the property" (*Cannon v Putnam, supra*, at 650).

Here, the renovations being done on defendants' house by plaintiff enhanced both the intended residential use by defendants and their intended commercial use. While the record does not reveal the percentage of residential use versus commercial use, it is clear that the major part of the renovated house was going to be used by defendants as a residence and by a second-floor tenant. The renovations, while creating two small spaces for bed and breakfast guests, were major and related to the entire building. The heating conversion was a major undertaking involving removal of ducts, many of which were located within the interior of walls, and installing hot water piping throughout the structure. The side sun porch where plaintiff was working at the time of the accident was constructed primarily to accommodate one of the defendants who suffers from an arthritic condition and which provides an easy entrance from the driveway for defendants as well as their guests into their residential quarters (*see, Telfer v Gunnison Lakeshore Orchards*, 245 AD2d 620, *lv denied* 92 NY2d 803).

In light of the foregoing, we conclude that defendants' intended residential occupancy, together with the substantial residential purpose of the renovations, entitled defendants on these facts to the exemption from the absolute liability of the Labor Law. Notably, no inference should be drawn that bed and breakfast guest homes are per se entitled to the exemption. An owner's entitlement to the exemption will continue to depend on whether the relevant property is a one or two-family dwelling (*see, Mandelos v Karavasidis*, 86 NY2d 767, 768, *supra*) and on "the site and purpose of the work" (*Cannon v Putnam*, 76 NY2d 644, 650, *supra*).

Next, plaintiffs have not raised the dismissal of the Labor Law § 200 and common-law negligence causes of action in their brief and, consequently, have abandoned or waived those issues (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1). In any event, there is no evidence in the record to support the conclusion that defendants

supervised or controlled the renovation work within the meaning of the Labor Law (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Hook v Quattrociocchi*, 231 AD2d 882).

Finally, we reject, as unavailing, plaintiffs' contention that, because one of the defendants had owned and operated a motel in the past, they are not the type of "unwary homeowners" which the exemption was intended to protect (*see, Krawiecki v Cerutti, supra*).

Mikoll, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.