■ RICHARD C. ALLEN et al., Appellants, v LEONARD FIORI, JR., et al., Respondents. [716 NYS2d 414] —Mercure, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered June 17, 1999 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendants Leonard Fiori, Jr. and Frances Fiori (hereinafter collectively referred to as defendants) owned real property in the Town of Rotterdam, Schenectady County, which was improved with a single-family residence, a tool shed and a two-story carriage house. Plaintiff Richard C. Allen (hereinafter plaintiff) was hired to perform repair and renovation work on the property and was injured when he fell from scaffolding while painting the exterior of the carriage house. Plaintiffs commenced this action alleging, as relevant to this appeal, violations of Labor Law § 240 (1) and § 241 (6). Following joinder of issue and completion of depositions, defendants moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion only to the extent of contesting defendants' entitlement to the statutory exemption from liability under Labor Law § 240 (1) and § 241 (6) as owners of a one or two-story dwelling who did not direct or control the work. Supreme Court granted the motion and this appeal ensued.

We affirm. Whether the dwelling-owner exemption is available to an owner turns on the site and purpose of the work (see, Bartoo v Buell, 87 NY2d 362, 368; Cannon v Putnam, 76 NY2d 644, 650). The evidence submitted on the summary judgment motion shows that, although the second story of the carriage house had once been divided into two apartments, at the time of plaintiff's injury, those areas were uninhabitable. In

fact, the building had no electrical, plumbing, septic or heating systems and was being used solely to store defendants' possessions. Disputing none of the foregoing, plaintiffs opposed the summary judgment motion with some evidence of defendants' inchoate plan to convert the structure to a commercial use at some future time and in that light portray plaintiff's exterior painting work as but a first step in that endeavor. We are not persuaded. Clearly, the use and purpose test must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action and not their hopes for the future. Here, the record is devoid of evidence of any ongoing conversion effort at the time of plaintiff's accident (*cf., Lombardi v Stout*, 80 NY2d 290, 296-297). Rather, the evidence establishes that the purpose of the work plaintiff was engaged in at the time of his accident was merely to coordinate the color of the carriage house to the main house, an overall home improvement measure (*see, Vliet v Alweis*, 227 AD2d 853, 854).

As a final matter, the assertion that defendants' business acumen and sophistication deprives them of the statutory exemption is found to be lacking in merit (*see, Sweeney v Sanvidge*, 271 AD2d 733, 734-735). The parties' remaining contentions either need not be considered or have been found to be lacking in merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.