■ NORMAN JOHNSON, Appellant-Respondent, v INCORPORATED VILLAGE OF FREEPORT, Defendant and Third-Party Plaintiff-Respondent-Appellant. MASS ELECTRIC CONSTRUCTION Co., Respondent-Appellant, and T. MORIARTY & SONS, INC., Appellant. ROSE FENCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Titles.) [719 NYS2d 96] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated October 15, 1999, as granted those branches of the motion of the defendant third-party plaintiff-respondent-appellant Incorporated Village of Freeport and the defendant-respondent-appellant Mass Electric Construction Co. which were for summary judgment dismissing the causes of action

asserted against them pursuant to Labor Law §§ 200 and 241 (6), the defendant T. Moriarty & Sons, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it or, in effect, for a conditional order of indemnification against the third-party defendant Rose Fence Company, and the Incorporated Village of Freeport and Mass Electric Construction Co. cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment on the causes of action for common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant T. Moriarty & Sons, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendants Incorporated Village of Freeport, Mass Electric Construction Co., and T. Moriarty & Sons, Inc., are awarded one bill of costs payable by the plaintiff.

The Supreme Court providently exercised its discretion in permitting the defendants Incorporated Village of Freeport (hereinafter Freeport) and Mass Electric Construction Co. (hereinafter Mass), the property owner and its general contractor, respectively, to serve a late motion for summary judgment (*see, Morhart v City of New York,* 267 AD2d 438; *Shamelashvili v City of New York,* 262 AD2d 631; *Quinlan v Kaufman,* 258 AD2d 453). Further, the Supreme Court properly dismissed the cause of action asserted against Freeport and Mass pursuant to Labor Law § 200, as there is no evidence that they directed or controlled the manner in which the work was performed by the plaintiff (*see, Lombardi v Stout,* 80 NY2d 290; *Putnam v Karaco Indus. Corp.,* 253 AD2d 457). In addition, while the plaintiff alleged a violation of a specific Industrial Code provision, the Supreme Court properly found the provision to be inapplicable because the plaintiff was injured while working in a vacant field where no construction or overhead work had begun. Accordingly, the Supreme Court also correctly dismissed the Labor Law § 241 (6) cause of action against Freeport and Mass (*see,* 12 NYCRR 23-1.8 [c] [1]; *cf., Prince v Merit Oil,* 238 AD2d 561; *Dickson v Fantis Foods,* 235 AD2d 452).

Since the defendant T. Moriarty & Sons, Inc. (hereinafter

Moriarty), neither exercised control over nor supervised the manner in which the plaintiff worked, the cause of action asserted against it alleging a violation of Labor Law § 200 should have been dismissed (*see, Lombardi v Stout, supra; Putnam v Karaco Indus. Corp., supra*). Similarly, as the Industrial Code provision which the plaintiff alleged was violated is inapplicable and his injuries did not result from an elevation-related risk with the meaning of Labor Law § 240 (1), his causes of action against Moriarty alleging a violation of Labor Law § 240 (1) and § 241 (6) should have been dismissed (*see,* 12 NYCRR 23-1.8 [c] [1]; *Jacome v State of New York,* 266 AD2d 345).

In light of the dismissal of the complaint, the claims for indemnification by Freeport, Mass, and Moriarty are academic (*see, Somerville v Usdan,* 255 AD2d 500). In any event, Workers' Compensation Law § 11 barred recovery upon the causes of action for common-law indemnification (*see, Ibarra v Equipment Control,* 268 AD2d 13). Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.