■ RICHARD A. FACTEAU et al., Appellants, v FREDERICK ALLEN et al., Respondents. [740 NYS2d 518] —Mugglin, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 29, 2001 in Saratoga County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Defendant Frederick Allen agreed with Gary Farr that, with the exception of the shutters, which he removed and painted himself, Allen would pay Farr $900 to paint the exterior of his premises. Allen, who had already purchased the paint, offered Farr the use of his brushes, scrapers and aluminum ladder. In addition, they agreed that Farr, at his own expense, could bring a helper. Plaintiff Richard A. Facteau (hereinafter plaintiff) was recruited by Farr for this purpose. On the second day of work, as plaintiff descended the aluminum ladder, its feet kicked out and plaintiff fell to the driveway and was injured. As a result, plaintiff and his wife, derivatively, commenced this action against Allen and his wife alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment under Labor Law § 240 (1). Supreme Court, inter alia, granted defendants' motion for summary judgment dismissing the complaint and plaintiffs appeal.

Plaintiffs first assert that, although defendants reside on the first floor of their premises, they are not entitled to the protection of the exemption for owners of one and two-family dwellings contained in Labor Law § 240 (1) because they rent the second floor to a tenant. Use of a portion of a defendant's premises for commercial purposes does not automatically destroy the exemption under this statute (see, Suydan v Kaden, 272 AD2d 832). Rather, the exemption depends upon the site and purpose of the work (see, Cannon v Putnam, 76 NY2d 644, 650; Bartoo v Buell, 87 NY2d 362, 368; Yerdon v Lyon, 259 AD2d 864, 865, lv denied 94 NY2d 754). Here, the repainting of the exterior of the house "directly relates to the residential use of the home" (Bartoo v Buell, supra at 368), even though it may, to some degree, serve a commercial purpose.

Plaintiffs next argue that defendants lost the protection of the statutory exemption because they supervised and controlled the work. Plaintiffs point to Allen having furnished the paint,

the brushes, the scrapers and the ladder, and his wife's participation in furnishing and placing drop cloths to protect her tomato plants as constituting the necessary direction and control. Fatal to plaintiffs' argument, however, are our holdings that "[t]he relevant inquiry is the degree to which the owner supervised the method and manner of the work" (*Lane v Karian*, 210 AD2d 549, 549). These defendants had no control over the organization of the work, when it was to be done, who was to do what portion of it nor when it was to be completed. Moreover, they did not direct plaintiff how to use the ladder in the performance of his work (*see, Valentia v Giusto*, 182 AD2d 987, 989). Consequently, the statutory exemption operates to protect defendants from liability to this plaintiff predicated on Labor Law § 240 (1).

We also hold that Supreme Court correctly dismissed plaintiffs' causes of action based on common-law negligence and Labor Law § 200. No claim was made, nor was evidence produced, to indicate that the ladder itself was defective in any way. Therefore, in the absence of supervision and control over the injury-producing activity (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Lombardi v Stout*, 80 NY2d 290, 295; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 865), liability cannot be predicated on either of these theories.

Plaintiffs' remaining arguments are either unpreserved for our review or lacking in merit.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.