◼ CHUNQI LIU et al., Appellants, v HOWARD WONG et al., Respondents, et al., Defendants. [814 NYS2d 526]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated June 2, 2005, as granted that branch of the motion of the defendants Howard Wong and Mei Wong which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In response to the prima facie showing by the defendants Howard Wong and Mei Wong that they were entitled to the benefit of the exemption provided by Labor Law §§ 240 and 241 from absolute liability for the owners of one- or two-family dwellings who contract for but do not direct or control the work, the plaintiffs failed to raise a triable issue of fact as to whether the dwelling qualified as a one- or two-family dwelling, or whether the defendant Howard Wong directed or controlled the work (*see Bartoo v Buell,* 87 NY2d 362 [1996]; *Angelucci v Sands,* 297 AD2d 764 [2002]; *Yerdon v Lyon,* 259 AD2d 864 [1999]).

In addition, since the plaintiffs failed to raise a triable issue of fact as to whether the defendants Howard Wong and Mei Wong directed or controlled the work, and they did not suggest that the Wongs had notice of an unsafe condition which caused

the accident, the cause of action pursuant to Labor Law § 200 was also properly dismissed (*see Decavallas v Pappantoniou,* 300 AD2d 617, 618-619 [2002]). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.