■ JOHN FEILEN et al., Appellants, v JULI CHRISTMAN et al., Respondents. (And a Third-Party Action.) [23 NYS3d 452]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Mott, J.), entered December 29, 2014 in Ulster County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

While applying a wood preservative to a new cedar shake roof that he had just replaced on defendant Juli Christman's house, plaintiff John Feilen fell off the roof sustaining injuries. He and his wife, derivatively, commenced this action against Christman, individually, and her business, defendant Jingle Bell Bed and Breakfast, alleging negligence and violations of Labor Law §§ 240 (1) and 241 (6).* Following discovery, all parties made motions for summary judgment. Supreme Court denied plaintiffs' motion and granted defendants' cross motion finding, as to the negligence cause of action, that Christman exercised no supervision or control over Feilen's work and, as to the Labor Law causes of action, that the homeowner's exemption applied. Plaintiffs appeal arguing that Supreme Court erred in dismissing their Labor Law causes of action.

"Labor Law § 240 (1) and § 241 (6) do not apply to 'owners of one and two-family dwellings who contract for but do not direct or control the work' of the person that they hire" (Snyder v Gnall, 57 AD3d 1289, 1290 [2008], quoting Bartoo v Buell, 87 NY2d 362, 367 [1996]). The homeowner's exemption was "intended by the Legislature to shield homeowners from the harsh consequences of strict liability under the provisions of the Labor Law [and] reflect the legislative determination that the typical homeowner is no better situated than the hired worker to furnish appropriate safety devices and to procure suitable insurance protection" (Bartoo v Buell, 87 NY2d at 367; see Affri v Basch, 13 NY3d 592, 596 [2009]; Hook v Quattrociocchi, 231 AD2d 882, 883 [1996]). "Use of a portion of a defendant's premises for commercial purposes does not automatically destroy the exemption . . . Rather, the exemption depends upon the site and purpose of the work" (Facteau v Allen, 293 AD2d 847, 847 [2002] [citations omitted]; see Sanchez v Marticorena, 103 AD3d 1057, 1058 [2013]). Under the "flexible 'site and purpose' test" (Bartoo v Buell, 87 NY2d at 368), the use of a defendant's residence as a rental, bed and breakfast or group

---

* Defendants brought a third-party action against plaintiffs' construction business, for whom Feilen was working when the accident occurred.

home does not necessarily extinguish the exemption (*see Sanchez v Marticorena*, 103 AD3d at 1058-1059; *Ramirez v Begum*, 35 AD3d 578, 578-579 [2006], *lv denied* 8 NY3d 809 [2007]; *Facteau v Allen*, 293 AD2d at 847; *Yerdon v Lyon*, 259 AD2d 864, 866 [1999], *lv denied* 94 NY2d 754 [1999]; *but cf. Bagley v Moffett*, 107 AD3d 1358, 1360-1361 [2013] [no homeowner's exemption where the defendants failed to establish that they used the premises as their residence after starting a bed and breakfast]).

Here, there were two buildings on the property, a barn and a two-story "salt-box" house. There was only one room on the entire premises that was rented as a sleeping unit for the bed and breakfast, and that room was located in a renovated portion of the barn. The roof work was limited to the house. Christman has owned and lived at the premises since 2002. She testified that her full-time primary residence was in the house, and the second floor of the house was totally off limits to guests. Guests were served breakfast on the first floor of the house, where the kitchen was also located. Defendants' contention that there were also books available for guests on the first floor of the house and that Christman took business phone calls in the house does not establish the house as primarily commercial. Although the house had a mixed purpose, the roof work on the house was "directed at preserving the integrity of the structure itself and primarily benefitted [Christman's] clearly residential use of the premises" (*Stone v Altarac*, 305 AD2d 849, 850 [2003]). Plaintiffs' assertion that Christman wanted the wood preservative added to the new roof allegedly because she was considering attempting to sell the premises does not change the result. She undisputedly resided full time in the house at the time of the accident and "the use and purpose test must be employed on the basis of the homeowner['s] intentions at the time of the injury underlying the action and not [his or her] hopes for the future" (*Allen v Fiori*, 277 AD2d 674, 675 [2000]; *see Truppi v Busciglio*, 74 AD3d 1624, 1625-1626 [2010]).

McCarthy, Egan Jr., Lynch and Devine, JJ., concur. Ordered that the order is affirmed, with costs.