■ YEHONATAN LEVY et al., Appellants, v LEVI BAUMGARTEN, Respondent. [46 NYS3d 664]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 7, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff was a worker who was engaged in a renovation project involving part of the first floor and the basement of the defendant's home. A saw blade allegedly broke and became embedded in the injured plaintiff's hand while he was cutting a steel pipe to be used as a structural support in the defendant's home office. The defendant used his home as the physical address for a corporation named Chabad Lubavitch Mitzvah Tank, Inc., and a computer in the home office was sometimes used on behalf of the corporation. The Mitzvah Tank, which was detached from the home, was a converted recreation vehicle from which the defendant provided various community services.

The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, alleging violations of Labor Law §§ 200 and 241 (6) and loss of consortium. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, concluding that the defendant was entitled to the homeowner's exemption, and that the defendant did not supervise or control the work.

Owners of one- or two-family dwellings are exempt from liability under Labor Law § 241 (6) unless they directed or

controlled the work being performed (*see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]). "The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability" (*Milan v Goldman*, 254 AD2d 263, 264 [1998]).

In support of the motion, the defendant demonstrated his prima facie entitlement to judgment as a matter of law based on the homeowner's exemption. In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the use of a portion of the defendant's residence for commercial purposes did not automatically cause him to lose the protection of the exemption. The presence of an office in the basement did not detract from the building's primary use as a residence, and the defendant's commercial activity was incidental thereto (*see Putnam v Karaco Indus. Corp.*, 253 AD2d 457, 458 [1998]).

The defendant also demonstrated, prima facie, that he did not direct or control the injured plaintiff's work. In opposition, the plaintiffs failed to raise a triable issue of fact. The defendant's alleged discussion with the injured plaintiff about the scope of the project and the defendant's request to install a shelf and support beam were insufficient to transform the defendant from a legitimately concerned homeowner into a de facto supervisor, because these acts, without any specific direction as to how the injured plaintiff was to accomplish his tasks, do not constitute direction or control over the manner or method of the injured plaintiff's work (*see Angelucci v Sands*, 297 AD2d 764, 766 [2002]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6). Moreover, since the defendant did not direct or control the injured plaintiff's work, the court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 (*see Lombardi v Stout*, 80 NY2d 290 [1992]).

The plaintiffs' remaining contentions do not warrant reversal. Hall, J.P., Cohen, Miller and Connolly, JJ., concur.