| |
|---|
| **Rivas-Zapata v Browne** |
| 2026 NY Slip Op 30661(U) |
| February 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 154303/2021 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**            PART            **12M**

*Justice*

-------------------------------------------------------------------X

ERICKSON MANUEL RIVAS-ZAPATA,

                Plaintiff,

- v -

THOMAS J BROWNE, ANDREW J BOLTON,

                Defendant.

-------------------------------------------------------------------X

THOMAS BROWNE, ANDREW BOLTON

                Plaintiff,

-against-

S. DONADIC INC.

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154303/2021 |
| MOTION DATE | 07/17/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595012/2022

The following e-filed documents, listed by NYSCEF document number (Motion 004) 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

      Erickson Manuel Rivas-Zapata ("Plaintiff") commenced this action against Thomas J Browne and Andrew J Bolton ("Defendants") to recover damages for injuries sustained while working on a renovation of Defendants' home at 1 Sutton Place, New York, New York (the "Premises") on February 12, 2020. Plaintiff alleges that he was standing on a joist while removing wood floor tiles, and the joist snapped, causing Plaintiff to fall to the floor below. At the time of the accident, Defendants owned the Premises, and Third-Party Defendant S. Donadic Inc. ("Donadic") was the general contractor and Plaintiff's employer.

      The complaint asserts claims for Labor Law §§ 240(1), 241(6), 200, and common law negligence. Defendants' third-party complaint against Donadic asserts claims for common law

**154303/2021  RIVAS-ZAPATA, ERICKSON MANUEL vs. BROWNE, THOMAS J ET AL**
**Motion No. 004**

**Page 1 of 5**

indemnity, contribution, contractual indemnity, and breach of contract for failure to procure insurance. In their third-party answer, Donadic asserts a counterclaim for contribution.

Defendants now move for summary judgment pursuant to CPLR 3212(b), and dismissal of the complaint in its entirety and all counterclaims.

## LEGAL STANDARD

Pursuant to CPLR 3212(b), the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 323 [1986]). Once a party has submitted competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51 NY2d 782, 783 [1980]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*see Dauman Displays, Inc. v Masturzo*, 168 AD2d 204, [1st Dept 1990]). "Since [summary judgment] deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues." (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

## DISCUSSION

### I. Labor Law §§ 240(1) and 241(6)

Labor Law §§ 240(1) and 241(6) specifically exempt "owners of one and two-family dwellings who contract for but do not direct or control the work" from statutory liability (Labor Law §§ 240[1] and 241[6]; *see also Bartoo v O'Buell,* 87 NY2d 362 [1996]; *Albrado v French*

154303/2021  RIVAS-ZAPATA, ERICKSON MANUEL vs. BROWNE, THOMAS J ET AL
Motion No. 004

Page 2 of 5

2 of 5

[* 2]

*Council LLC,* 149 AD3d 581 [1st Dept 2017]; *Farias v Simon,* 122 AD3d 466 [1st Dept 2014];

*Putnam v Karaco Industries Corp.*, 253 AD2d 457 [2d Dept 2008]).

Here, it is undisputed through Defendants' and Plaintiff's depositions that Defendants owned the Premises, that the Premises is a single-family home, and that Defendants did not direct or control the work being performed. Defendants submitted their deposition testimony with their motion (*see* NYSCEF Doc. No. 112), which establishes that they were the sole occupants of the Premises, that the Premises served as their primary and only residence, that they purchased the property as a single-family dwelling, and that the renovations were being completed to prepare the home for their sole residential use and occupancy. Defendants also testified that they lived in a different apartment during the renovation, that they did not participate in the execution of the renovation, and that they only visited the property twice during the two-year renovation. Additionally, Defendants submitted Plaintiff's deposition testimony with their motion (*see* NYSCEF Doc. No. 111). During Plaintiff's deposition, Plaintiff stated that he did not know Defendants, that Defendants did not supervise his work, and that his supervisor, Brian, was the only individual who supervised his work.

In opposition, Plaintiff does not dispute these facts, nor does he present any evidence that creates a triable issue of fact. Plaintiff only argues that summary judgment is premature because plaintiff's employer, Donadic, has not yet been deposed and they may create an issue of fact regarding the scope of the project. This is insufficient to defeat Defendant's motion for summary judgment (*see Flores v City of NY*, 66 AD3d 599, 600 [1st Dept 2009] ["The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion"]).

154303/2021  RIVAS-ZAPATA, ERICKSON MANUEL vs. BROWNE, THOMAS J ET AL
Page 3 of 5
Motion No. 004

3 of 5

[* 3]

Third-Party Defendant Donadic also does not dispute Defendants' facts and adopts and incorporates by reference Defendants' statement of facts (*see* NYSCEF Doc. No. 113). Third-Paty Defendant Donadic only partially opposes Defendants' motion and argues that if the complaint is not dismissed, the third-party counterclaim for contribution should not be dismissed (*see id.*).

Accordingly, Defendants' motion for summary judgment on Plaintiff's Labor Law §§ 240(1) and 241(6) claims is granted.

## II.    Labor Law § 200 and Common-Law Negligence

Liability for causes of action sounding in common-law negligence and for violations of Labor Law §200 fall into two broad categories: "those arising from an alleged defect or dangerous condition on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg., Inc.*, 99 AD3d 139, 144 [1st Dept 2012]. Where the injury is caused by the manner in which work is performed, liability is limited to those who exercise control or supervision over the work (*Aranda v Park East Const.*, 4 AD3d 315, 316 [2d Dept 2004]; *see also Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Where the injury is caused by an alleged dangerous condition, a homeowner is liable only if they had actual or constructive notice of the condition (*Cappabianca v Skanska USA Bldg., Inc.*, 99 AD3d at 144).

As discussed above, Defendants met their initial burden of demonstrating that they exercised no actual supervision or control over Plaintiff or his work. Defendants also demonstrated that they had no actual or constructive notice of any alleged dangerous condition through their deposition, which established that Defendants did not live at the Premises during the two-year renovation, that they only visited the Premises twice, and that they were not involved in the renovation work on the Premises. In opposition, Plaintiff failed to submit any

**154303/2021   RIVAS-ZAPATA, ERICKSON MANUEL vs. BROWNE, THOMAS J ET AL**
**Motion No.  004**

**Page 4 of 5**

4 of 5

evidence that raises a triable issue of fact regarding Plaintiff's, or Defendants' notice of a dangerous condition. Therefore, Defendants' motion for summary judgment on Plaintiff's Labor Law §200 and common-law negligence claim is granted.

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment dismissing the complaint and all counterclaims against them is granted and the complaint is dismissed, and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of the Court.

| 2/18/2026 | | | |
|---|---|---|---|
| DATE | | HON. LESLIE A. STROTH | |
| | | | J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

154303/2021 RIVAS-ZAPATA, ERICKSON MANUEL vs. BROWNE, THOMAS J ET AL
Motion No. 004

Page 5 of 5

5 of 5